AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

# UNITED STATES DISTRICT COURT

for the

Romancee George

_Petitioner_

v.

Federal Bureau of Prisons

_Respondent_

(name of warden or authorized person having custody of petitioner)

FILED
CLERK, U.S. DISTRICT COURT

APR 2 8 2023

CENTRAL DISTRICT OF CALIFORNIA
EASTERN DIVISION BY DEPUTY

Case No. EDCV23-00773-CBM(ADS)

(Supplied by Clerk of Court)

## PETITION FOR A WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241

### Personal Information

1.  (a) Your full name: Romancee Oshay George
    (b) Other names you have used:

2.  Place of confinement:
    (a) Name of institution: USP-Victorville
    (b) Address: P.O. Box 3900
    Adelanto, CA 92301
    (c) Your identification number: 08537-104

3.  Are you currently being held on orders by:
    ☑ Federal authorities    ☐ State authorities    ☐ Other - explain:

4.  Are you currently:
    ☐ A pretrial detainee (waiting for trial on criminal charges)
    ☑ Serving a sentence (incarceration, parole, probation, etc.) after having been convicted of a crime
    If you are currently serving a sentence, provide:
    (a) Name and location of court that sentenced you: Southern District
    of Florida - Miami, Division
    (b) Docket number of criminal case: 1:15-CR-20717
    (c) Date of sentencing: 4-29-16
    ☐ Being held on an immigration charge
    ☐ Other (explain):

### Decision or Action You Are Challenging

5.  What are you challenging in this petition:
    ☑ How your sentence is being carried out, calculated, or credited by prison or parole authorities (for example, revocation or calculation of good time credits)

Page 2 of 9

AO 242 (Rev. 09/17)  Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

## PETITION FOR A WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241

### Instructions

1.  **Who Should Use This Form**.  You should use this form if
    - you are a federal prisoner and you wish to challenge the way your sentence is being carried out *(for example, you claim that the Bureau of Prisons miscalculated your sentence or failed to properly award good time credits)*;
    - you are in federal or state custody because of something other than a judgment of conviction *(for example, you are in pretrial detention or are awaiting extradition)*; or
    - you are alleging that you are illegally detained in immigration custody.

2.  **Who Should Not Use This Form**.  You should not use this form if
    - you are challenging the validity of a federal judgment of conviction and sentence *(these challenges are generally raised in a motion under 28 U.S.C. § 2255)*;
    - you are challenging the validity of a state judgment of conviction and sentence *(these challenges are generally raised in a petition under 28 U.S.C. § 2254)*; or
    - you are challenging a final order of removal in an immigration case *(these challenges are generally raised in a petition for review directly with a United States Court of Appeals)*.

3.  **Preparing the Petition**.  The petition must be typed or neatly written, and you must sign and date it under penalty of perjury.  **A false statement may lead to prosecution.**

4.  **Answer all the questions.**  You do not need to cite law.  You may submit additional pages if necessary.  If you do not fill out the form properly, you will be asked to submit additional or correct information.  If you want to submit any legal arguments, you must submit them in a separate memorandum.  Be aware that any such memorandum may be subject to page limits set forth in the local rules of the court where you file this petition.  If you attach additional pages, number the pages and identify which section of the petition is being continued.  All filings must be submitted on paper sized 8½ by 11 inches.  **Do not use the back of any page.**

5.  **Supporting Documents**.  In addition to your petition, you must send to the court a copy of the decisions you are challenging and a copy of any briefs or administrative remedy forms filed in your case.

6.  **Required Filing Fee**.  You must include the $5 filing fee required by 28 U.S.C. § 1914(a).  If you are unable to pay the filing fee, you must ask the court for permission to proceed in forma pauperis – that is, as a person who cannot pay the filing fee – by submitting the documents that the court requires.

7.  **Submitting Documents to the Court**.  Mail your petition and _____ copies to the clerk of the United States District Court for the district and division in which you are confined.  For a list of districts and divisions, see 28 U.S.C. §§ 81-131.  All copies must be identical to the original.  Copies may be legibly handwritten.

    If you want a file-stamped copy of the petition, you must enclose an additional copy of the petition and ask the court to file-stamp it and return it to you.

8.  **Change of Address**.  You must immediately notify the court in writing of any change of address.  If you do not, the court may dismiss your case.

AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

☐ Pretrial detention

☐ Immigration detention

☐ Detainer

☑ The validity of your conviction or sentence as imposed (for example, sentence beyond the statutory
  maximum or improperly calculated under the sentencing guidelines)

☐ Disciplinary proceedings

☐ Other *(explain)*: _____

_____

_____

6.   Provide more information about the decision or action you are challenging:
     (a) Name and location of the agency or court:  Southern District of Florida

     (b) Docket number, case number, or opinion number:   DE: 132 & 133
     (c) Decision or action you are challenging *(for disciplinary proceedings, specify the penalties imposed)*:
     Judge Joan A. Lenard recommand me to consecutive
     sentence. I am challenging my release date. I been
     in federal custody since 9/21/2015.
     (d) Date of the decision or action:   9/24/2020

### Your Earlier Challenges of the Decision or Action

7.   **First appeal**
     Did you appeal the decision, file a grievance, or seek an administrative remedy?
     ☑ Yes            ☐ No
     (a) If "Yes," provide:
         (1) Name of the authority, agency, or court:  Federal Bureau of Prisons
         USP-LEE
         (2) Date of filing:  4-09-2020
         (3) Docket number, case number, or opinion number:   1013407-F1
         (4) Result:  Denied
         (5) Date of result:  4-20-2020
         (6) Issues raised:  My release date is incorrect I was
         Sentenced to 175 months from 9-21-15. That I was
         Sentenced in federal court before any other
         term of imposement.

     _____

     _____

     (b) If you answered "No," explain why you did not appeal:  _____

     _____

8.   **Second appeal**
     After the first appeal, did you file a second appeal to a higher authority, agency, or court?
     ☑ Yes            ☐ No

AO 242 (Rev. 09/17)  Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

(a) If "Yes," provide:

(1)  Name of the authority, agency, or court: _Federal Bureau of Prisons Regional Director_

(2)  Date of filing: _4-30-2020_

(3)  Docket number, case number, or opinion number: _1013407-R1_

(4)  Result: _Denied_

(5)  Date of result: _6-9-2020_

(6)  Issues raised: _My release date is incorrect that I am only sentenced to 175 months from 9-24-15_

(b)  If you answered "No," explain why you did not file a second appeal:

9.    **Third appeal**

After the second appeal, did you file a third appeal to a higher authority, agency, or court?

☑ Yes        ☐ No

(a)  If "Yes," provide:

(1)  Name of the authority, agency, or court: _Federal Bureau of Prisons Central Office Administrative_

(2)  Date of filing: _9-2-2020_

(3)  Docket number, case number, or opinion number: _1013407-A1_

(4)  Result: _Denied_

(5)  Date of result: _10/15/2020_

(6)  Issues raised: _My release date is incorrect that I am only sentenced to 175 months_

(b)  If you answered "No," explain why you did not file a third appeal:

10.   **Motion under 28 U.S.C. § 2255**

In this petition, are you challenging the validity of your conviction or sentence as imposed?

☐ Yes        ☑ No

If "Yes," answer the following:

(a)    Have you already filed a motion under 28 U.S.C. § 2255 that challenged this conviction or sentence?

☑ Yes        ☐ No

AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

If "Yes," provide:

(1) Name of court: *Federal Bureau of Prisons* ~~Regional~~ *General Director*
(2) Case number: *1013407-A1*
(3) Date of filing: *4-~~8~~0-2020*
(4) Result: *~~10-09-2020~~ Denied*
(5) Date of result: *0-09-2020*
(6) Issues raised: *My release date is incorrect I am only Sentenced to 178 months from 9-21-15.*

(b) Have you ever filed a motion in a United States Court of Appeals under 28 U.S.C. § 2244(b)(3)(A), seeking permission to file a second or successive Section 2255 motion to challenge this conviction or sentence?

☑ Yes          ☐ No

If "Yes," provide:

(1) Name of court:
(2) Case number:
(3) Date of filing:
(4) Result:
(5) Date of result:
(6) Issues raised:

(c) Explain why the remedy under 28 U.S.C. § 2255 is inadequate or ineffective to challenge your conviction or sentence: *because I am challenging the way my sentence is being cared obt by the federal Bureau of Prisons*

11. **Appeals of immigration proceedings**

Does this case concern immigration proceedings?

☐ Yes          ☑ No

If "Yes," provide:

(a) Date you were taken into immigration custody:
(b) Date of the removal or reinstatement order:
(c) Did you file an appeal with the Board of Immigration Appeals?

☐ Yes          ☐ No

AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

If "Yes," provide:

(1) Date of filing:

(2) Case number:

(3) Result:

(4) Date of result:

(5) Issues raised:

(d)     Did you appeal the decision to the United States Court of Appeals?

❏ Yes                    ❏ No

If "Yes," provide:

(1) Name of court:

(2) Date of filing:

(3) Case number:

(4) Result:

(5) Date of result:

(6) Issues raised:

12.     **Other appeals**

Other than the appeals you listed above, have you filed any other petition, application, or motion about the issues raised in this petition?

❏ Yes                    ❏ No

If "Yes," provide:

(a) Kind of petition, motion, or application:

(b) Name of the authority, agency, or court:

(c) Date of filing:

(d) Docket number, case number, or opinion number:

(e) Result:

(f) Date of result:

(g) Issues raised:

AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

## Grounds for Your Challenge in This Petition

13.     State every ground (reason) that supports your claim that you are being held in violation of the Constitution, laws, or treaties of the United States.  Attach additional pages if you have more than four grounds.  State the facts supporting each ground.  Any legal arguments must be submitted in a separate memorandum.

**GROUND ONE:** I was sentenced to 175 months from 9-21-15. At the moment I was sentenced I had no other Sentence that I was sentend to my no other State or Federal Court.

(a)  Supporting facts *(Be brief.  Do not cite cases or law.)*: Futhermore the State Violation pro bations F-1326242 & F-1413929(B) thats in my PSR. I was only violated because of this instant offense and leaving my address which I shared with the victim of this offense.

(b)  Did you present Ground One in all appeals that were available to you?
☑ Yes            ☐ No

**GROUND TWO:** I was told by AUSA Matthew Langley that if I plead guilty that I would receive concurrant time Reveiw Exhibit Rule 36 the AUSA did not Opposition

(a)  Supporting facts *(Be brief.  Do not cite cases or law.)*: Reveiw Exhibit Rule 36

(b)  Did you present Ground Two in all appeals that were available to you?
☑ Yes            ☐ No

**GROUND THREE:** Dunny my sentencing hearing Jugde Joan A Lenard made a statement saying she was sentencing me excatly to 175 months for the crime I committed.

(a)  Supporting facts *(Be brief.  Do not cite cases or law.)*: I was brought to feds 9-21-15 I was than sentenced to 175 months. My current Release is 2-24-32 this exceed the amount of time my charge carries 15 yrs total. My maxium date is suppose to be 2030 or 2029.

(b)  Did you present Ground Three in all appeals that were available to you?
☑ Yes            ☐ No

AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

**GROUND FOUR:** The AUSA admitted that I have already completely 1/3 of my sentence. When I filed for compassionate Release. In 2020

(a) Supporting facts *(Be brief. Do not cite cases or law.):*
See Exhibit Compassionate Release motion, I also have Judge Joan A Lenard saying that I completed 1/3 of my sentence.

(b) Did you present Ground Four in all appeals that were available to you?
☐ Yes            ☑ No

14.    If there are any grounds that you did not present in all appeals that were available to you, explain why you did
       not: You can only fit some much sbm stuff on the grievance and alot of stuff I received proof after I filed!

**Request for Relief**

15. State exactly what you want the court to do: All I want is credit for that time I did the time for. I was arrested 2-24-15 broward than transfer to Miami 4-2-15 than went to feds 9-25-25 none of these sentences is credited against the other but they all from the same instant offense especially my VOP (5yrs Sentenced) and 45 day broward sentence all resulted from the offense 1-21-15.

AO 242 (Rev. 09/17)  Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

### Declaration Under Penalty Of Perjury

If you are incarcerated, on what date did you place this petition in the prison mail system:

I declare under penalty of perjury that I am the petitioner, I have read this petition or had it read to me, and the information in this petition is true and correct.  I understand that a false statement of a material fact may serve as the basis for prosecution for perjury.

Date:  3/7/23

_Signature of Petitioner_

_Signature of Attorney or other authorized person, if any_

Exhibit - Recommend

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 15-20717-CR-LENARD

UNITED STATES OF AMERICA,

v.

ROMANCEE OSHAY GEORGE,

Defendant.

_____/

**ORDER RECOMMENDING THAT DEFENDANT'S FEDERAL SENTENCE BE**
**SERVED CONSECUTIVELY TO HIS STATE SENTENCES**

**THIS CAUSE** is before the Court on a sua sponte review of the record. On January

13, 2016, Defendant pled guilty to carjacking in violation of 18 U.S.C. § 2119(1). (See

Minutes of Change of Plea Hr'g, D.E. 40; Change of Plea Hr'g Tr., D.E. 82 at 19:18-22.)

According to the signed Factual Proffer, the offense stemmed from an incident that

occurred on January 21, 2015. (D.E. 42 at 1.) Prior to sentencing, the United States

Probation Office prepared a Presentence Investigation Report ("PSR") indicating that

Defendant had pending charges in state court arising out of the same January 21, 2015

incident giving rise to the federal carjacking charge, including charges in case number 15-

00259110A for fleeing or attempting to elude a law enforcement officer, resisting police

officers without violence, and operating without a valid license. (D.E. 71 ¶ 49). On April

29, 2016, the Court entered Judgment sentencing Defendant to 175 months' imprisonment

to be followed by three years' supervised release. (D.E. 69.)

Case 1:15-cr-20749-JAL Document #: 143 Entered on FLSD Docket 09/44/2023 Page 2 of 6
Case 5:23-cv-00773-CBM-ADS   Document 1   Filed 04/28/23   Page 12 of 63   Page ID
#:12

By letter dated September 15, 2020, Chief John O'Brien of the Federal Bureau of

Prisons Designation and Classification Center informed the Court that Defendant has

requested that his federal sentence be served concurrently with certain Florida sentences,

which would be accomplished by the Bureau of Prisons designating the state institution for

service of his federal sentence under 18 U.S.C. § 3621(b). (Letter (D.E. 132) at 1.) The

Bureau is requesting guidance as to how Defendant's sentence should run with respect to

the sentences he has served with the State of Florida. (Id.) In this regard, Chief O'Brien

informs the Court:

> At the time the federal sentence was imposed, Mr. George was under
> the primary jurisdiction of state authorities in Florida, and in federal custody
> pursuant to a writ of habeas corpus. The respective Judgment in a Criminal
> Case was silent regarding any relationship with the forthcoming action by
> the state. Following sentencing, Mr. George was returned to state authorities
> and the U.S. District Court Judgment was filed as a detainer.

> On November 21, 2016, Mr. George's probation was revoked, and he
> was sentenced by the State of Florida to a 5-year total term of imprisonment
> in Miami-Dade County, Eleventh Judicial Circuit Court in Case Numbers
> F14013929B and F13026242. The state sentence information received by
> the Bureau indicates the court intended the sentence to run consecutive to the
> federal sentence. On October 26, 2019, Mr. George's state obligation was
> satisfied, but he remained in custody based on other pending state charges.
> On October 29, 2019, Mr. George was sentenced by the States of Florida to
> a Time Served, 45-day term of imprisonment for Fleeing or Eluding a Law
> Enforcement Officer, Resist/Obstruct Without Violence, and Operating
> Without a Valid License, in Broward County Court Case Number
> 15002591CF10A. The state sentence information received by the Bureau
> does not indicate whether the court intended the sentence to run concurrent
> with or consecutive to the federal sentence. On October 29, 2019, Mr.
> George's state obligation was satisfied based on prior custody credit applied
> to the state sentence, and he was released to the federal detainer to commence
> the service of his federal sentence as provided by 18 U.S.C. § 3585(a).

> The Bureau strives to administer sentences in accordance with federal
> statutes, Bureau policy, and the intent of the sentencing court. Should the

Case 5:23-cv-00773-CBM-ADS Document 1-22 Entered on FLSD Docket 09/24/2020 Page 3 of 6
Case 5:23-cv-00773-CBM-ADS Document 1-22 Filed 04/28/23 Page 13 of 63 Page ID
#:13

Court indicate the sentence is to run concurrently with the state term, the ==Bureau will commence the sentence in the above judgment on the date of imposition, which will result in Mr. George's release from Bureau custody on or about July 30, 2027.== Should the Court indicate the sentence is to run consecutively to the state term, he will continue to a current projected release ==date of February 24, 2032.==

Please advise us at your earliest convenience as to the Court's position on a retroactive designation in this case.

(Id. at 2.)

Title 18, United States Code section 3585(b) addresses the calculation of credit for time served in custody:

**(b) Credit for prior custody**.---A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—

(**1**) as a result of the offense for which the sentence was imposed; or

(**2**) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;

that has not been credited against another sentence.

(Emphasis added). Both the Eleventh Circuit and the Supreme Court have recognized that Congress's "actual purpose in altering [§ 3585's predecessor statute] was to make clear that a defendant could not receive a double credit for his detention time." Dawson v. Scott, 50 F.3d 884, 888 n.4 (11th Cir. 1995) (quoting United States v. Wilson, 503 U.S. 329, 337 (1992)) (quotation marks omitted).

District courts are not authorized to compute a credit at sentencing. Wilson, 503 U.S. at 333. Rather, it is the Attorney General, through BOP, who determines the amount of credit a defendant receives as an administrative matter. Id. at 335. However, where a

federal district court does not indicate whether a federal sentence is to run concurrently with a state sentence, BOP may seek guidance from the district court as to whether it intended for the federal sentence to run concurrently with the state sentence. See, e.g., United States v. McKenzie, Case No. 05-20931-Cr-Lenard, D.E. 90 (S.D. Fla. Oct. 29, 2019).

Here, it appears that BOP seeks guidance as to whether Defendant's federal sentence should run concurrently with his state sentences in Case Nos. F-14-013929-B (Miami-Dade County), F-13-026242 (Miami-Dade County), and 11002591CF10A (Broward County). (See Letter at 1-2.) Case Nos. F-14-013929-B and F-13-026242 are not mentioned in Defendant's PSR. According to the state court's online docket, Defendant was charged on November 8, 2013 in Case No. F-13-026242 with grand Theft 3rd degree, disorderly conduct, giving a false name upon arrest, and violating his probation; he was charged on June 19, 2014 in Case No. F-14-013929-B with strongarm robbery and violating his probation. See Miami-Dade County Criminal Justice Online System, available at https://www2.miami-dadeclerk.com/cjis/CaseSearch.aspx (last visited Sept. 24, 2020).

Because those cases predate the carjacking offense in this federal case, which occurred on January 21, 2015, (see PSR ¶ 3), the Court finds that the time Defendant spent in state custody on Case Nos. F-14-013929-B and F-13-026242 does not fall within the parameters of Section 3585(b)(1) because it was not "a result of the offense for which the sentence was imposed" in this federal case.

Moreover, because those cases predate the carjacking offense in this federal case, the time spent in custody on Case Nos. F-14-013929B and F-13-026242 does not fall within

the parameters of Section 3585(b)(1) because it was not "as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed" in this federal case. (Emphasis added.) Therefore, the Court finds that Defendant's federal sentence should run consecutively to his sentences in Case Nos. F-14-013929-B and F-13-026242.

Finally, the Court finds that Defendant should not be given credit for time spent in custody on Case No. 1500259110A because that sentence has "been credited against another sentence." 18 U.S.C. § 3385(b). As reflected in Chief O'Brien's Letter to the Court, Defendant's sentences in Case Nos. F-14-013929-B and F-13-026242 expired October 26, 2019, but he remained in custody on other charges. (Letter at 2.) On October 29, 2019, the state court sentenced Defendant in Case No. 1500259110A to forty-five days time-served. (See id.) Thus, Defendant's sentence in Case No. 1500259110A was satisfied October 29, 2019 "based on prior custody credit applied to the state sentence[.]" (Id.) As such, Defendant is not entitled to credit toward his federal sentence for the forty-five-day sentence imposed in Case No. 1500259110A because that sentence has "been credited against another sentence[,]" 18 U.S.C. § 3585(b), and specifically, the sentences in Case Nos. F-14-013929-B and F-13-026242. See Scruggs v. Adkinson, 423 F. App'x 858, 860 (11th Cir. 2011) (finding that the defendant was not entitled to credit toward his federal sentence for time served during his state court pre-trial detention because that time had been credited toward his state sentence) (citing United States v. Labeille-Soto, 163 F.3d 93, 99 (2d Cir. 1998)); Castillo v. Fed. Corr. Inst. of Tallahassee, 163 F. App'x 803, 804 (11th Cir. 2006) (finding that the petitioner was not entitled to credit against her federal

sentence for time served on her state sentence because the state court had given her credit against another state sentence) (citing <u>Wilson</u>, 503 U.S. at 333). Therefore, the Court cannot recommend that BOP retroactively apply a concurrent sentence to give Defendant credit for time served on his state sentence in Case No. 1500259110A.

Accordingly, the Court **RECOMMENDS** that the sentence imposed in the above-styled cause be served **CONSECUTIVELY** to the sentences imposed in state court Case Nos. F-14-013929-B (Miami-Dade County), F-13-0242 (Miami-Dade County), and 15-002591CF10A (Broward County).

The Clerk is instructed to mail Chief O'Brien a copy of this Order at the following address:

> Chief John O'Brien
> Federal Bureau of Prisons
> U.S. Armed Forces Reserve Complex
> 3468 Marine Force Drive
> Grand Prairie, Texas 75051

The Clerk shall indicate compliance with this Order by filing a Notice of Compliance on the docket.

**DONE AND ORDERED** in Chambers at Miami, Florida this 24th day of September, 2020.

**JOAN A. LENARD**
**UNITED STATES DISTRICT JUDGE**

6

Exhibit - Grievances

Administrative Remedy No. 1013407-A2
Part B - Response

This is in response to your Central Office Administrative Remedy
Appeal, wherein you request credit for time spent in custody since
the date of your arrest.

A review of your file reveals you were arrested on February 24, 2015,
by local authorities in Broward County, Florida.  On April 27, 2016,
while in federal custody via a writ of habeas corpus ad prosequendum,
you were sentenced in the United States District Court, Southern
District of Florida, to a 175 month term of imprisonment.  This
sentence was not ordered to run concurrent to your pending state
sentence.  On May 16, 2016, you were returned to state custody.  On
November 21, 2016, you were sentenced in the state of Florida to a
five year term of imprisonment for a probation violation and you were
given all credit for time in custody beginning on April 2, 2015.
Additionally, on October 29, 2019, you were sentenced to a time
served, 45 day sentence in Case # 15002591CF10A, for Fleeing or
Eluding a Law Enforcement Officer, Resist/Obstruct Without Violence,
and Operating without a Valid License.  On October 29, 2019, your
state sentences completed and custody was relinquished to the United
States Marshals Service the same day.

Although you are not entitled to the credit you seek beginning on
April 2, 2015, as a result of the ruling in Barden v. Keohane, 921
F. 2d 476 (3rd Cir. 1990), your request for credit has been
interpreted as a request for a retroactive concurrent (nunc pro tunc)
designation.  Accordingly, the Bureau of Prisons (Bureau) will seek
the position of the federal sentencing court as it pertains to your
federal sentence operating concurrently with your state sentence.
Should the court order, recommend, or otherwise indicate the federal
term is to operate concurrently with the state term, the Bureau will
update your federal sentence computation accordingly.  If the
federal court indicates the federal term is to operate consecutively,
or provides no indication the term is to run concurrently, you will
continue to the current projected release date of February 24, 2032.

Your sentence has been computed as directed by federal statute, and
Bureau of Prisons Program Statement 5880.28, Sentence Computation
Manual (CCCA of 1984).

Accordingly, your appeal is denied.

10|15|20
Date

Ian Connors, Administrator
National Inmate Appeals

Case 5:23-cv-00773-CBM-ADS    Document 1    Filed 04/28/23    Page 18 of 63    Page ID
#:18
U.S. Department of Justice    Case 1:23-cv-22068-JAL    Document 1    Entered on FLSD Docket 06/03/2023    Page 44 of 69

Federal Bureau of Prisons

Type or use ball-point pen. If attachments are needed, submit four copies. One copy each of the completed BP-229(13) and BP-230(13), including any attachments must be submitted with this appeal.

From: George Romancee    D8537-104    A132    USP LEE
LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

Part A - REASON FOR APPEAL My release date is incorrect. I am only sentenced to 175 months my Jail credit starts from 2-24-2015. I got arrested on 2-24-15 -4-2-15 In broward county Jail I was transported to Dade county Jail until 9-21-15 -On 9-21-15 I was transported to FDC MIAMI where I stayed from 9-21-15 to 5-16-16 on 5-16-16 I was shipped back to Miami Dade county Jail from 5-16-16 until 12-7-2016 than I got transported to Florida Dept of corrections from 12-7-2016 to 10-26-2019. On 10-26-19 I was transported to broward county Jail where I stayed Until Nov. 8. 2019 on 11-8-19 the US NARSHAL came and picked me up and took me back to FDC Miami. I been in custody my whole time I was never released home. I never even got the credit for the time I did in FBOP custody I was at FPC MIami from 9-21-15 to 5-16-16 See Attachment the court sent me an document stating how much time I have completed of my 175 months Sentence.

June 24, 2020
DATE

Romancee
SIGNATURE OF REQUESTER

Part B - RESPONSE

RECEIVED

SEP 0 2 2020

Administrative Remedy
Federal Bureau of Prisons


RECEIVED

JUL 0 2 2020

Administrative Remedy Section
Federal Bureau of Prisons

DATE

ORIGINAL: RETURN TO INMATE

GENERAL COUNSEL

CASE NUMBER: 1013407-A1

Case 5:23-cv-00773-CBM-ADS    Document 1    Filed 04/28/23    Page 19 of 63   Page ID
Case 1:21-cv-22068-JAL   Document 1   Entered on FLSD Docket 06/03/2021   Page 12 of 39
#:19

Return to: _____    _____    _____    _____
                    LAST NAME, FIRST, MIDDLE INITIAL                    REG. NO.              UNIT             INSTITUTION

SUBJECT: _____

        9-11-2020 Ⓑ
              DATE                                          SIGNATURE OF RECIPIENT OF CENTRAL OFFICE APPEAL

UPN LVN                                                                                      BP-231(13)
                                                                                             JUNE 2002

Case 5:23-cv-00773-CBM-ADS    Document 1    Filed 04/28/23    Page 20 of 63    Page ID
#:20
Case 1:21-cv-22068-JAL   Document 1   Entered on FLSD Docket 06/03/2021   Page 13 of 39

Institution Response to Administrative Remedy
United States Penitentiary, Lee
Jonesville, Virginia

Administrative Remedy Number: 1013407-F1                    Date Receipted 04-09-2020

This is in response to your Request for Administrative Remedy Number 1013407-F1, in which
you claim you are not receiving proper jail credit. For relief, you request your jail credit to be
corrected.

A review of your Judgement and Commitment File reveals you were arrested in Broward
County, Florida, on February 24, 2015, for Fleeing LEO/Resisting LEO/ and No Driver's
License. You were released on these charges, but were held in the Broward County Jail on a
Detainer for Miami-Dade County. On September 21, 2015, the United States Marshal's Service
(USMS), took physical custody of you. However, your primary custody stayed with the State of
Florida while you were on Federal Writ until you were returned to the Florida Department of
Corrections on May 16, 2016. On December 2, 2016, you were sentenced to the Florida
Department of Corrections, for a five-year sentence. You received jail credit toward your state
sentence from April 2, 2015, through January 21, 2016. On October 29, 2019, you released from
the Florida Department of Corrections and turned over the USMS. At this time, your federal
computation began.

Title 18:3585 precludes the awarding of this period of jail credit stating, "A defendant shall be
given credit toward the service of a term of imprisonment for any time he has spent in official
detention prior to the date the sentence commences...that has not been credited against another
sentence." The Designation and Sentence Computation Center (DSCC) has reviewed and
certified your jail credit and computation as correct. DSCC are the subject matter experts on jail
credit. The time you question while on Federal Writ was credited to your state sentence in
Florida.

Based on the above information, your request for relief is denied. If you are dissatisfied with this
response, you may appeal to the Regional Director, Bureau of Prisons, Mid-Atlantic Regional
Office, 302 Sentinel Drive, Suite 200, Annapolis Junction, MD 20701. Your appeal must be
received in the Regional Office within 20 calendar days of the date of this response.

_____                    _4/14/20_____
J. C. Streeval, Warden                              Date

My unit team on ___4-20_____, 2020, delivered this response.

_____                    _____
Inmate Signature                                   Staff Signature

U.S. DEPARTMENT OF JUSTICE
Federal Bureau of Prisons

B2 - 213 - 90

**REQUEST FOR ADMINISTRATIVE REMEDY**

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

From: George Richance O.        C8537 IL4        A132        USP LLE
      LAST NAME, FIRST, MIDDLE INITIAL        REG. NO.        UNIT        INSTITUTION

**Part A– INMATE REQUEST** My release date is incorrect. I am only sentenced to 115 month
my Jail credit starts from 2-24-2015 I got arrested on 2-24-2015 – 4-2-2015 in Broward
County Jail on 4-2-15 I was transported to Dade county Jail until 9-21-2015 on 9-21-2015
I was transported to FDC Miami where I stay from 9-21-15 to 5-16-16 on 5-16-16 I
was Shipped back to Miami FCI county Jail from 5-16-16 until 12-7-2016 then I was
transported to French Department of corrections from 12-7-2016 to 10-26-2016
on 10-26-16 I was transported to Broward county Jail where I stayed until
Nov 5 2019 on 11-5-2019 the U.S. Marshal came and picked me up and I...
back to FDC miami I been in custody my whole time I was never released
home. See BOP Sentence Computation Manual Policy Statement 5880.25(7)(c)
I never even got my credit for this time I did in FBOP custody I was at
FDC Miami from 5-21-15 - 5-16-16.

April 5" 2020        [signature] Romicuice George
DATE                  SIGNATURE OF REQUESTER

**Part B– RESPONSE**

_____
DATE

WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

THIRD COPY: RETURN TO INMATE        CASE NUMBER: _____

        CASE NUMBER: _____

**Part C– RECEIPT**

Return to: _____
           LAST NAME, FIRST, MIDDLE INITIAL        REG. NO.        UNIT        INSTITUTION

SUBJECT: _____

_____    ⊛    _____
DATE                    RECIPIENT'S SIGNATURE (STAFF MEMBER)

BP–229(13)
APRIL 1982

**REGIONAL ADMINISTRATIVE REMEDY APPEAL**
**Part B - Response**

**Date Filed: April 30, 2020**                    **Remedy ID No.: 1013407-R1**


You are appealing the Warden's response to your Administrative
Remedy.  You request credit for time spent in state custody.

The credit which you request is precluded under Title 18 U.S.C.
3585(b).  Your request for a nunc pro tunc designation has been
forwarded to the Designation and Sentence Computation Center (DSCC)
for a review and determination in accordance with Bureau of Prisons
Program Statement 5160.05, Designation of State Institution for
Service of Federal Sentence.  You must continue the administrative
remedy process in order to be advised of this determination.

Your appeal is denied.  If you are dissatisfied with this response,
you may appeal to the General Counsel, Federal Bureau of Prisons,
320 First Street, N.W., Washington, D.C.  20534.  Your appeal must
be received in the General Counsel's Office within 30 days from the
date of this response.

        JUN 0 9 2020

_____                    _____
Date                                       D. J. Harmon
                                           Regional Director
                                           Mid-Atlantic Region

U.S. Department of Justice

Federal Bureau of Prisons

**Regional Administrative Remedy Appeal**

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-229(13) including any attachments must be submitted with this appeal.

From: George, Romaree O   08537-104   A 132   USP LEE
      LAST NAME, FIRST, MIDDLE INITIAL   REG. NO.   UNIT   INSTITUTION

Part A - REASON FOR APPEAL My release date is incorrect. I am only sentenced to 75 months my jail credit starts from 2-24-2015. I got arrested on 2-24-2015. 4-2-2015 in Broward County Jail on 4-2-15 I was transported to Dade County Jail until 9-21-2015 on 9-21-2015 was transported to FDC Miami where I stayed from 9-21-15 to 5-16-16 on 5-16-16 I was shipped back to Miami-Dade county jail from 5-16-16 until 12-7-2016 than I got transported to Florida Department of corrections from 12-7-2016 to 10-26-2019 on 10-26-19 was transported to Broward County Jail where I stayed until Nov. 8, 2019 on 11-8-2019 the US Marshal came and picked me up and took me back to FDC Miami. I been in custody my whole time I was never released home. I never even got the credit for the time I did in FBOP Custody I was at FDC Miami from 9-21-15 to 5-16-16 See BOP Sentence Computation Manual Policy Statement 5880.28 (2)(c)

April 15, 2020
DATE

_Romanell George_
SIGNATURE OF REQUESTER

Part B - RESPONSE

_____          _____
DATE                            REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

ORIGINAL: RETURN TO INMATE                CASE NUMBER: _____

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Part C - RECEIPT

CASE NUMBER: _____

Return to: _____
           LAST NAME, FIRST, MIDDLE INITIAL        REG. NO.        UNIT        INSTITUTION

SUBJECT: _____

_____                    _____
DATE                                     SIGNATURE, RECIPIENT OF REGIONAL APPEAL

BP-230(13)

Exhibit (word) Release Date

```
VIP56  540*23 *                    SENTENCE MONITORING              *      12-08-2022
PAGE 002 OF 002 *                  COMPUTATION DATA                 *      09:51:52
                                   AS OF 12-08-2022
```

REGNO..: 08537-104  NAME: GEORGE, ROMANCEE OSHAY

-------------------------CURRENT COMPUTATION NO: 010 -------------------------

COMPUTATION 010 WAS LAST UPDATED ON 05-26-2020 AT DSC AUTOMATICALLY
COMPUTATION CERTIFIED ON 05-26-2020 BY DESIG/SENTENCE COMPUTATION CTR

THE FOLLOWING JUDGMENTS, WARRANTS AND OBLIGATIONS ARE INCLUDED IN
CURRENT COMPUTATION 010: 010 010

Error

DATE COMPUTATION BEGAN..........: 10-29-2019    It should be 2-24-15
TOTAL TERM IN EFFECT............:    175 MONTHS
TOTAL TERM IN EFFECT CONVERTED..:     14 YEARS       7 MONTHS
EARLIEST DATE OF OFFENSE........: 01-21-2015

JAIL CREDIT.....................:    FROM DATE      THRU DATE
                                     02-24-2015     04-01-2015

TOTAL PRIOR CREDIT TIME.........: 37
TOTAL INOPERATIVE TIME..........: 0
TOTAL GCT EARNED AND PROJECTED..: 787
TOTAL GCT EARNED................: 162
STATUTORY RELEASE DATE PROJECTED: 02-24-2032
ELDERLY OFFENDER TWO THIRDS DATE: 06-11-2029
EXPIRATION FULL TERM DATE.......: 04-21-2034
TIME SERVED.....................:      3 YEARS       2 MONTHS       17 DAYS
PERCENTAGE OF FULL TERM SERVED..: 22.0
PERCENT OF STATUTORY TERM SERVED: 25.8

PROJECTED SATISFACTION DATE.....: 02-24-2032
PROJECTED SATISFACTION METHOD...: GCT REL

REMARKS.......: 05-26-20 JAIL CREDIT UPDATED (RMVD 11-22-16 TO 12-01-16, IN
                SERVICE OF STATE SENT) ~L/JMD




S0055        NO PRIOR SENTENCE DATA EXISTS FOR THIS INMATE
```

```
VIP56  540*23 *                SENTENCE MONITORING            *      12-08-2022
PAGE 001          *            COMPUTATION DATA               *      09:51:52
                               AS OF 12-08-2022
```

REGNO..: 08537-104 NAME: GEORGE, ROMANCEE OSHAY


```
FBI NO..........: 657112FC5            DATE OF BIRTH: 05-08-1990  AGE:  32
ARS1............: VIP/A-DES
UNIT............: 4 GP                 QUARTERS.....: B23-108U
DETAINERS.......: NO                   NOTIFICATIONS: NO
```

FSA ELIGIBILITY STATUS IS: INELIGIBLE

THE FOLLOWING SENTENCE DATA IS FOR THE INMATE'S CURRENT COMMITMENT.

HOME DETENTION ELIGIBILITY DATE....: 08-24-2031

THE INMATE IS PROJECTED FOR RELEASE: 02-24-2032 VIA GCT REL     *Exceeds my max for the charge.*


-----------------------CURRENT JUDGMENT/WARRANT NO: 010 -----------------------

```
COURT OF JURISDICTION..........: FLORIDA, SOUTHERN DISTRICT
DOCKET NUMBER..................: 15-20717-CR-LENARD
JUDGE..........................: LENARD
DATE SENTENCED/PROBATION IMPOSED: 04-27-2016
DATE COMMITTED.................: 02-25-2020
HOW COMMITTED..................: US DISTRICT COURT COMMITMENT
PROBATION IMPOSED..............: NO
```

```
                 FELONY ASSESS  MISDMNR ASSESS  FINES       COSTS
NON-COMMITTED.:  $100.00        $00.00          $00.00      $00.00
```

RESTITUTION...:  PROPERTY:  NO  SERVICES:  NO       AMOUNT:  $31,640.78

-----------------------CURRENT OBLIGATION NO: 010 -----------------------


```
SENTENCE PROCEDURE.............: 3559 PLRA SENTENCE
SENTENCE IMPOSED/TIME TO SERVE.:  175 MONTHS
TERM OF SUPERVISION............:    3 YEARS
DATE OF OFFENSE................: 01-21-2015
```

G0002        MORE PAGES TO FOLLOW . . .

```
  LEES   535.03 *              INMATE PROFILE            *      01-17-2021
PAGE 001                                                       11:18:49
           08537-104             REG
REGNO: 08537-104              FUNCTION: PRT DOB/AGE.: 05-08-1990 / 30
NAME.: GEORGE, ROMANCEE OSHAY          R/S/ETH.: B/M/O    WALSH: NO
RSP..: COP-COLEMAN I USP               MILEAGE.: 250 MILES
PHONE: 352-689-6000     FAX: 352-689-6012
 PROJ REL METHOD: GOOD CONDUCT TIME RELEASE    FBI NO..: 657112FC5
 PROJ REL DATE..: 02-24-2032                   INS NO..: N/A
 PAR ELIG DATE..: N/A                          SSN.....:
 PAR HEAR DATE..:              PSYCH: NO   DETAINER: NO         CMC..: NO
OFFN/CHG RMKS: 15-20717CR CARJACKING
OFFN/CHG RMKS: 175 MOS CBOP/3 YRS SRT
   FACL CATEGORY   - - - - - CURRENT ASSIGNMENT - - - - -  EFF DATE  TIME
   COP  ADM-REL    A-DES     DESIGNATED, AT ASSIGNED FACIL 12-04-2020 1357
   COP  CARE LEVEL CARE1-MH  CARE1-MENTAL HEALTH           04-18-2016 1452
   COP  CARE LEVEL CARE2     STABLE, CHRONIC CARE          03-04-2020 0616
   COP  COR COUNSL D         M. QUILLAR                    12-04-2020 1357
   COP  CASE MGT   BIR CERT N BIRTH CERTIFICATE - NO       01-04-2021 1504
   COP  CASE MGT   DEPEND Y  DEPENDENTS UNDER 21 - YES     03-17-2020 1527
   COP  CASE MGT   DIS C     DISABILITY COGNITIVE          03-11-2020 0952
   COP  CASE MGT   PHOTO ID N PHOTO ID - NO                03-17-2020 1527
   COP  CASE MGT   RPP NEEDS RELEASE PREP PGM NEEDS        02-27-2020 1558
   COP  CASE MGT   SSN CARD N SOCIAL SECURITY CARD - NO    01-04-2021 1504
   COP  CASE MGT   VET P/S N PARENT/SPOUSE VETERAN - NO    03-17-2020 1527
   COP  CASE MGT   VETERAN N VETERAN - NO                  03-17-2020 1527
   COP  CASE MGT   VWP AUTO  VICTIM/WITNESS PGM AUTO UPDATE 05-03-2016 0645
   COP  CASE MGT   V94 CVA913 V94 CURR VIOL ON/AFTER 91394 02-27-2020 1559
   COP  CASE MGT   V94 PV    V94 PAST VIOLENCE             02-27-2020 1600
   COP  CASE MGT   WA NO HIST NO WALSH ACT OFFENSE HISTORY 10-31-2019 0902
   COP  CASEWORKER D         CASE MGR P. DANCHISE X6185    12-04-2020 1357
   COP  CUSTODY    IN        IN CUSTODY                    09-21-2015 1540
   COP  DRUG PGMS  ED WAIT RJ DRUG EDUCATION WAIT-RQ JUDREC 02-27-2020 1558
   COP  DESIG/SENT FFLS YES  FFLS-FULLY COMPLIED W/JUD REC 11-01-2019 1050
   COP  DESIG/SENT LIMA      TEAM LIMA                     10-31-2019 0902
   COP  DESIG/SENT NPT DENY  NUNC PRO TUNC CREDIT DENIED   12-08-2020 0938
   COP  EDUC INFO  ESL HAS   ENGLISH PROFICIENT            02-25-2020 0839
   COP  EDUC INFO  GED EN    ENROLL GED NON-PROMOTABLE     02-25-2020 0839
   COP  FIN RESP   PART      FINANC RESP-PARTICIPATES      12-08-2020 0712
   COP  FIRST STEP FTC INELIG FTC-INELIGIBLE-REVIEWED      12-17-2019 0710
   COP  FIRST STEP INELIG AUT FTC-INELIGIBLE OFF CODE - AUTO 12-17-2019 1651
   COP  FIRST STEP N-ANGER Y NEED - ANGER/HOSTILITY YES    10-01-2020 0953
   COP  FIRST STEP N-ANTISO R NEED - ANTISOCIAL PEERS REFUSE 07-25-2020 0000
   COP  FIRST STEP N-COGNTV R NEED - COGNITIONS REFUSE     07-25-2020 0000
   COP  FIRST STEP N-DYSLEX N NEED - DYSLEXIA NO           07-17-2020 0754
   COP  FIRST STEP N-FIN PV Y NEED - FINANCE/POVERTY YES   09-21-2020 0859
   COP  FIRST STEP N-M HLTH N NEED - MENTAL HEALTH NO      07-25-2020 0000
   COP  FIRST STEP N-MEDICL Y NEED - MEDICAL YES           09-21-2020 1331
   COP  FIRST STEP N-RLF Y   NEED - REC/LEISURE/FITNESS YES 09-21-2020 1334
   COP  FIRST STEP N-TRAUMA R NEED - TRAUMA REFUSE         07-25-2020 0000
   COP  FIRST STEP N-WORK Y  NEED - WORK YES               07-17-2020 0747
   COP  FIRST STEP R-HI      HIGH RISK RECIDIVISM LEVEL    01-04-2021 1453

G0017      WARNING : NOTIFICATIONS ARE REQUIRED PER P.S. 1490.06
G0002      MORE PAGES TO FOLLOW . . .
```

Exhibit # In FBOP Custody

| | |
|---|---|
| **Offense:** | <u>Count One</u>: Carjacking, 18 U.S.C. § 2119(1), a Class C felony |
| **Penalty:** | 0 to 15 years imprisonment, $250,000 fine, $100 special assessment |
| **Arrest Date:** | September 21, 2015 |
| **Release Status:** | Remains in custody at the Federal Detention Center, in Miami, Florida, pursuant to an order of detention |
| **Detainers:** | Violation of Probation Warrant, Grand Theft/Miami-Dade County, Case Number F1326242 |
| | Violation of Probation Warrant, Strongarm Robbery/Miami-Dade County, Case Number F13929B |
| | Attempted Second Degree Murder/Miami-Dade County, Case Number F1518904C |

**Codefendants:**

| | |
|---|---|
| Ronald Leon Hubbert Jr. PACTS#: 1781522 | 1/7/16:  Pled guilty to the one-count Indictment 3/21/16: Scheduled sentencing date |

**Related Cases:**     None

**Date Report Prepared:**                    **Date Report Revised:**
  February 19, 2016

2

a 2014 Audi Q5. Hubbert and **George** then left the area. Moments later, the victim looked outside his window and noticed his vehicle being driven away. The victim knocked on his neighbor's doors and eventually awakened his niece, who lived two doors down, and called the police.

7.    When law enforcement officers arrived, they discovered the bloody Gap hoodie that was worn by **George**, which had been discarded in the staircase of the apartment building. Additionally, officers recovered the building's surveillance video. The video footage showed **George** and Hubbert meeting outside the building with two other males (unidentified). The two other males left, at which time **George** and Hubbert entered the building. Thirty minutes later, **George** and Hubbert ran out of the building. Video footage from a different camera showed the victim's vehicle leaving the parking lot moments later. The victim identified **George** from a mugshot photograph.

8.    The following day, the victim contacted a Miami-Dade Police Department detective and told him he had noticed that **George** left his book bag in the victim's apartment. Inside the bag were Hubbert's Florida driver's license and a photocopy of his Social Security card. The victim then told the detective that Hubbert had been the other individual who had attacked him the day before.

9.    Approximately one month later after the incident, on February 24, 2015, Fort Lauderdale police officers observed **George** driving the victim's vehicle. When officers ran the vehicle's license plate, they learned it had been reported stolen. At that point, officers attempted to conduct a traffic stop; however, **George** refused to stop and fled in the vehicle. Officers were able to ultimately stop the car after they purposely crashed into it. **George** tried to run from the scene of the accident on foot, but was apprehended. Inside the car, officers found one gram of heroin and an air gun. **George** was subsequently arrested and remained at the Broward County Jail until April 2, 2015, when he was transferred to the Dade County Jail pursuant to state charges on the instant offense.

10.    On April 30, 2015, while in state custody, Hubbert was arrested on state charges related to the instant offense.

11.    On September 11, 2015, the instant federal Indictment was filed. On September 21, 2015, both Hubbert and **George** were transferred from the Dade County Jail to the Federal Detention Center (FDC) in Miami, Florida, for their initial appearances. They have since remained in custody at the FDC-Miami.

12.    The government has yet to provide **George**'s post-arrest statement. According to the standing discovery in this case, it appears Hubbert did not provide a post-arrest statement. According to the defendant, he did not provide a post-arrest statement.

5

Case 5:23-cv-00773-CBM-ADS    Document 1    Filed 04/28/23    Page 29 of 63    Page ID
Case 1:21-cv-22068-JAL    Document 1    Entered on FLSD Docket 06/03/2021    Page 21 of 39
#:29

## PART A. THE OFFENSE

### Charge(s) and Conviction(s)

1.   **On January 13, 2016, the defendant pled guilty to the one-count Indictment, which charges him with carjacking, in violation of 18 U.S.C. § 2119(1). The government is seeking forfeiture.**

2.   There is no plea agreement in this case. The government has yet to advise whether they will file a motion for an additional one-level decrease for acceptance of responsibility, pursuant to § 3E1.1(b). Further, the government has yet to provide information about identified assets subject to forfeiture.

### The Offense Conduct

3.   The carjacking that is the subject of this indictment resulted from a January 21, 2015, home invasion in which Ronald Leon Hubbert, Jr. and **Romancee Oshay George** attacked the victim, Hernando Buitrago, with a rock, their fists, and their legs and took the his cellular phone, wallet, and car, from his residence located at 15600 NW 7 Avenue, in Miami, Florida. According to the defendant, he resided at the home with the victim and had free access to the premises.

4.   The investigation of this offense revealed that **George** had a previous relationship with the victim. According to the defendant, he had an ongoing relationship with the victim, rather than a prior relationship. On the night of the carjacking, the victim allowed **George** up to his apartment, while Hubbert hid in the hallway outside the apartment. When the victim opened the door for **George**, Hubbert jumped out and attacked him. The victim ran out of the apartment and yelled for help, but Hubbert and **George** dragged him back inside the apartment. **George** held the victim in a head lock and wrestled him to the ground.

5.   At some point during the attack, the victim was hit with a rock while he was being beaten. As a result, the victim's skull cracked open and bled. The victim and **George** fought in the apartment and the victim later reported to police that Hubbert and **George** had beaten and kicked him. During the incident, a wall mirror broke and cut the victim, causing him to bleed profusely. **George** told Hubbert to "get the tape," at which time Hubbert left and returned with a roll of masking tape. **George** choked the victim and bit the victim's finger to the point that it tore open and gushed blood. **George** was wearing a Gap hoodie, which was covered in blood when it was later recovered.

6.   After fighting with Hubbert and **George** for a while, the victim told them that the police were coming. At that point, **George** told Hubbert to get the victim's wallet and iPhone from the bedroom. **George** subsequently took the keys to the victim's vehicle,

4

Rev. 4/11/16
Rev. 5/6/16

Case 5:23-cv-00773-CBM-ADS    Document 1    Filed 04/28/23    Page 30 of 63    Page ID
Case 1:21-cv-22068-JAL    Document 1    Entered on FLSD Docket 06/03/2021    Page 22 of 39
Case 1:15-cr-20717-JAL    Document 45    Entered on FLSD Docket 02/19/2016    Page 14 of 26

The defendant was arrested on the outstanding violation probation warrant on April 2, 2015; however, court records reflected the violation is pending. A hearing is scheduled for April 25, 2016.

| 40. | 6/18/14 (Age 24) | Strongarm Robbery, Miami Beach Police Dept., Miami Beach, FL | Dkt. F14013929B 9/5/14: Pled guilty, adjudicated guilty, 180 days jail followed by one year probation 11/15/14: Released from custody, 2/6/15: Violation of probation | 4A1.1(b) | 2 |

According to the arrest report, on June 14, 2014, the victim reported he was invited by the defendant and Rafael Mateo to the rooftop of a building to "meet girls." When they arrived at the rooftop, no girls were present; however, the defendant produced a firearm and struck (with the butt of the firearm) the victim in the head. The defendant and Mateo demanded cash from the victim. The victim was able to break free and get away after the defendants took $400, two bank cards and his phone. The report indicated the victim suffered bruising and scratches. On June 18, 2014, the victim observed the defendant walking on Ocean Drive (Miami Beach), at which time the victim contacted police. The defendant was subsequently arrested.

Court documentation and computerized court records verified the disposition of this case. It should be noted this matter was originally filed under Case Number F14014219; however, on August 11, 2014, the matter was transferred to the above case number.

According to computerized court records, on February 6, 2015, a violation of probation affidavit was filed, and on March 25, 2015, the violation affidavit was amended. However, a copy of the violation was unavailable for review. Computerized court records indicated the violation remains pending, and this matter is set for hearing on April 25, 2016.

Computerized court records indicated the violation remains pending, and this matter is set for hearing on April 25, 2016.

### Criminal History Computation

41. The defendant has a subtotal of 10 criminal history points. However, he committed the instant offense while under a criminal justice sentence of probation (see, Case Numbers F1326242 and F1413929B); therefore, two points are added pursuant to § 4A1.1(d). Thus, the defendant has a total of 12 criminal history points and a criminal history category of V (Chapter Five, Part A).

*was violated for the instant offense*

### Other Criminal Conduct

| Date of Arrest | Charge | Agency | Disposition |
|---|---|---|---|
| 42. | 12/15/04 (Age 14) | Ct. 1: Trespass School Grounds, Ct. 2: Educational Institution Interference | Miami-Dade Public Schools Police Dept., Miami, FL | Dkt. J04010033 12/3/07: Cts. 1 & 2, nolle prossed |

According to the police report, on December 15, 2004, school personnel found the defendant on campus after he had been suspended from school. While walking through the school, the defendant was asked to stop by school security guards; however, he fled on foot while knocking over garbage cans. He was later apprehended by a school teacher and arrested by police.

Court documentation verified the disposition of this case.

| | | | |
|---|---|---|---|
| 43. | 7/5/07 (Age 17) | Grand Theft Vehicle | Miami-Dade Police Dept., Miami, FL | Dkt. J07004485A 11/6/07: Nolle prossed |

According to the police report, on July 5, 2007, police observed the defendant driving a vehicle. A records check of the vehicle's tag revealed it was not assigned to the car. A traffic stop was subsequently initiated. During the stop, the defendant stated he did not have a driver's license or the vehicle's registration. Further investigation revealed the vehicle had been reported stolen. He was arrested.

15

Rev. 4/11/16
Rev. 5/6/16

*Exhibit*
*Broward County*

# CASE SUMMARY
## CASE NO. 15-002591-CF10A

| | | |
|---|---|---|
| State of Florida | § | |
| Vs. | § | Location: **Felony** |
| **George, Romancee Oshay** | § | Judicial Officer: **Lynch - FA, Michael** |
| | § | Filed on: **02/26/2015** |
| | § | Arrest Number: **BS15000983** |
| | § | **BS19004036** |
| | § | BCCN: **0762684** |
| | § | Uniform Case Number: **062015CF002591A88810** |

### CASE INFORMATION

| Offense | Citation | Statute | Deg | Date | Case Type: | **3rd Degree Felony** |
|---|---|---|---|---|---|---|
| Jurisdiction: **Broward County** | | | | | Case Flags: | **CTS Financial Balance** |
| 1. Fleeing or Eluding a LEO | | 316.1935 (1) | CF3 | 02/24/2015 | | **Waiver of Speedy Trial** |
| OBTS: 0608217162  Sequence: 1  ACN: BS15000983 | | | | | | **USE (CTS) FOR FINANCIALS** |
| Arrest: 02/24/2015    BS - Broward Sheriff Office | | | | | | |
| 2. Resist/Obstruct W/O Violence | | 843.02 | MM1 | 02/24/2015 | | |
| OBTS: 0608217162  Sequence: 2  ACN: BS15000983 | | | | | | |
| Arrest: 02/24/2015    BS - Broward Sheriff Office | | | | | | |
| 3. Operating W/O Valid License | A0F244P | 322.03 (1) | MM2 | 02/24/2015 | | |
| OBTS: 0608217162  Sequence: 4  ACN: BS15000983 | | | | | | |
| Arrest: 02/24/2015    BS - Broward Sheriff Office | | | | | | |
| 4. Grand Theft (Motor Vehicle) | | 812.014 (1)(a) | CF3 | 02/24/2015 | | |
| OBTS: 0608217162  Sequence: 3  ACN: BS15000983 | | | | | | |
| Arrest: 02/24/2015    BS - Broward Sheriff Office | | | | | | |
| 5. Possession Of Heroin | | 893.03 (1)(b)11 | CF3 | 02/24/2015 | | |
| OBTS: 0608217162  Sequence: 5  ACN: BS15000983 | | | | | | |
| Arrest: 02/24/2015    BS - Broward Sheriff Office | | | | | | |

*Same offence as 1:15-CR-20717*

**Warrants**

Capias - No Show At Hearing - ROR - George, Romancee Oshay (Judicial Officer: Lynch - FA, Michael )
10/23/2019    11:59 PM    Capias Served
02/04/2016    8:48 AM    Active
No Bond Hold

Capias - No Show At Arraignment - ROR - George, Romancee Oshay (Judicial Officer: Lynch - FA, Michael )
06/05/2015    11:20 AM    Capias Withdrawn
05/27/2015    3:04 PM    Active
No Bond Hold

| DATE | CASE ASSIGNMENT |
|---|---|

**Current Case Assignment**
Case Number          15-002591-CF10A
Court                Felony
Date Assigned        02/26/2015
Judicial Officer     Lynch - FA, Michael

### PARTY INFORMATION

| State | **State of Florida** |
|---|---|
| Defendant | **George, Romancee Oshay** |

| DATE | EVENTS & ORDERS OF THE COURT |
|---|---|

*Printed on 01/19/2023 at 4:19 PM*

# CASE SUMMARY
## CASE NO. 15-002591-CF10A

| | |
|---|---|
| 12/12/2019 | 📋 Returned Collection Mail |
| 12/02/2019 | Felony Letter - 30 Days Past Due<br>*$969.00*<br>　　　Amount: 0.00 |
| 11/12/2019 | CTS_Current Due<br>*Count(s):<|003|>*<br>　　　Charges: 3<br>　　　Amount: 141.00 |
| 11/12/2019 | CTS_Current Due<br>*Count(s):<|002|>*<br>　　　Charges: 2<br>　　　Amount: 211.00 |
| 11/12/2019 | CTS_Current Due<br>*Count(s):<|001|>*<br>　　　Charges: 1<br>　　　Amount: 617.00 |
| 10/29/2019 | **Hearing/Set New Dates** (9:00 AM) (Judicial Officer: Lynch - FA, Michael :Location: Room 6780)<br>*per Administrative Order*<br>Charges: 1, 2, 3 |
| 10/29/2019 | **Sentence** (Judicial Officer: Lynch, Michael)<br>3. Operating W/O Valid License<br>　　　(1) Time Served<br>　　　Provisions (Special Provisions Defendant Sentenced Under Sentencing Guidelines)<br>　　　Comment (Total Amount Imposed: $141)<br>　　　Confinement (Effective 10/29/2019. Min. Not Applicable. Max. 45 Days . Broward County Jail)<br>　　　　Credit for Time Served: 45 Days<br>　　　Sentence Status (Concurrent, Case #: 15-002591CF10A, Counts: 1,2) |
| 10/29/2019 | **Sentence** (Judicial Officer: Lynch, Michael)<br>2. Resist/Obstruct W/O Violence<br>　　　(1) Time Served<br>　　　Provisions (Special Provisions Defendant Sentenced Under Sentencing Guidelines)<br>　　　Comment (Total Amount Imposed: $211)<br>　　　Confinement (Effective 10/29/2019. Min. Not Applicable. Max. 45 Days . Broward County Jail)<br>　　　　Credit for Time Served: 45 Days<br>　　　Sentence Status (Concurrent, Case #: 15-002591CF10A, Counts: 1,3) |
| 10/29/2019 | **Sentence** (Judicial Officer: Lynch, Michael)<br>1. Fleeing or Eluding a LEO<br>　　　(1) Time Served<br>　　　Provisions (Special Provisions Defendant Sentenced Under Sentencing Guidelines)<br>　　　Comment (Total Amount Imposed: $617)<br>　　　Confinement (Effective 10/29/2019. Min. Not Applicable. Max. 45 Days . Broward County Jail)<br>　　　　Credit for Time Served: 45 Days<br>　　　Driver's License Suspended (Criminal Suspension. Term: 1 Yr.)<br>　　　Sentence Status (Concurrent, Case #: 15-002591CF10A, Counts: 2,3) |
| 10/29/2019 | **Disposition** (Judicial Officer: Lynch, Michael)<br>1. Fleeing or Eluding a LEO<br>　　　Adjudicated<br>　　　　OBTS: 0608217162  Sequence: 1<br><br>2. Resist/Obstruct W/O Violence<br>　　　Adjudicated<br>　　　　OBTS: 0608217162  Sequence: 2<br><br>3. Operating W/O Valid License<br>　　　Adjudicated<br>　　　　OBTS: 0608217162  Sequence: 4 |

*Printed on 01/19/2023 at 4:19 PM*

# CASE SUMMARY
## CASE NO. 15-002591-CF10A

| | |
|---|---|
| 10/29/2019 | **Amended Plea** (Judicial Officer: Lynch, Michael)<br>1. Fleeing or Eluding a LEO<br>      Change of Plea-Nolo Contendere<br>        OBTS: 0608217162  Sequence: 1<br><br>2. Resist/Obstruct W/O Violence<br>      Change of Plea-Nolo Contendere<br>        OBTS: 0608217162   Sequence: 2<br><br>3. Operating W/O Valid License<br>      Change of Plea-Nolo Contendere<br>        OBTS: 0608217162  Sequence: 4 |
| 10/29/2019 | Court Disposition with AC Costs Converted to Civil Lien |
| 10/29/2019 | File And Record Judgment |
| 10/29/2019 | File Acknowledgement -Waiver Of Rights |
| 10/29/2019 | File DNA Inquiry Addendum |
| 10/29/2019 | File Sentencing Guidelines |
| 10/29/2019 | Hearing Held / Change Of Plea<br>   *C DeLaCruz / D* |
| 10/24/2019 | Arrest Paperwork |
| 10/23/2019 | Capias Served |
| 10/22/2019 | File Amended Notice Of Asst Public Defender Assign |
| 08/05/2019 | File Defense Motion To Transport Prisoner<br>   *PRO SE* |
| 04/11/2019 | File Defense Motion<br>   *Seeking Order to transport prisoner to hearing/ Pro Se* |
| 09/24/2018 | File Defense Motion For Appointment Of Counsel |
| 07/06/2018 | File Amended Notice Of Asst Public Defender Assign |
| 02/16/2018 | File Defense Notice Of Inquiry |
| 12/12/2017 | File Order Striking Defendant's Motion |
| 11/30/2017 | File Order Def Demand For Speedy Trial Stricken<br>   *Represented by counsel* |
| 11/30/2017 | File Defense Demand For Speedy Trial<br>   *Pro se* |
| 11/20/2017 | File Defense Motion<br>   *for appointment of counsel* |
| 11/20/2017 | File Defense Demand For Speedy Trial |
| 09/05/2017 | File Amended Notice Of Asst Public Defender Assign |
| 09/01/2017 | **Hearing/Status Conference** (9:00 AM) (Judicial Officer: Lynch - FA, Michael :Location: Room 6780)<br>   \*\* *I C ELSEWHERE* \*\* *PER 8/10/17 FA DOCKET*<br>   Charges: 1, 2, 3<br>   Events: 08/10/2017 Hrg Held On Defense Demand For Speedy Trial |

# CASE SUMMARY
## CASE NO. 15-002591-CF10A

| | |
|---|---|
| 09/01/2017 | Delete From Docket<br>*cr: c.delacruz/d./capias remains* |
| 08/10/2017 | **Hearing/Defense Demand for Speedy Trial** (8:30 AM)  (Judicial Officer: Lynch - FA, Michael :Location: Room 6780)<br>*Pro-Se Demand*<br>Charges: 1, 2, 3 |
| 08/10/2017 | File Court's Notice Of Hearing |
| 08/10/2017 | File Order Def Demand For Speedy Trial Stricken |
| 08/10/2017 | File Order Returning Defendant To Court |
| 08/10/2017 | Hrg Held On Defense Demand For Speedy Trial<br>*cr: c.delacruz/i.* |
| 08/09/2017 | File Defense Demand For Speedy Trial<br>*Pro Se* |
| 08/02/2017 | File Defense Demand For Speedy Trial<br>*Pro Se* |
| 07/10/2017 | File Letter From Defendant |
| 04/07/2016 | File Amended Notice Of Asst Public Defender Assign |
| 02/04/2016 | **Calendar Call** (8:30 AM)  (Judicial Officer: Lynch - FA, Michael :Location: Room 4780)<br>Charges: 1, 2, 3 |
| 02/04/2016 | Capias Image |
| 02/04/2016 | Calendar Call Not Held<br>*Ct Rept - S. Wilson (i)/nbc issued* |
| 11/19/2015 | **Calendar Call** (8:30 AM)  (Judicial Officer: Lynch - FA, Michael :Location: Room 4780)<br>Charges: 1, 2, 3 |
| 11/19/2015 | File Court's Notice Of Hearing |
| 11/19/2015 | File Order Granting Def Motion For Continuance<br>*verbal* |
| 11/19/2015 | Calendar Call/Held<br>*Ct Rept - S. Wilson (i)* |
| 11/12/2015 | **Calendar Call** (8:30 AM)  (Judicial Officer: Lynch - FA, Michael :Location: Room 4780)<br>Charges: 1, 2, 3 |
| 11/12/2015 | File Court's Notice Of Hearing |
| 11/12/2015 | Reset Calendar Call<br>*Ct Rept - S. Wilson (i)* |
| 10/09/2015 | **Hearing/Status Conference** (8:30 AM)  (Judicial Officer: Lynch - FA, Michael :Location: Room 4780)<br>Charges: 1, 2, 3<br>Events: 09/21/2015 Hearing Held / Status Conference |
| 10/09/2015 | Delete From Docket |
| 10/08/2015 | **Hearing/Status Hearing** (8:30 AM)  (Judicial Officer: Lynch - FA, Michael :Location: Room 4780)<br>Charges: 1, 2, 3 |
| 10/08/2015 | File Court's Notice Of Hearing |
| 10/08/2015 | File Order Granting Def Motion For Continuance<br>*verbal* |
| 10/08/2015 | Hearing Held On Status Hearing<br>*Ct Rept - S. Wilson (i)* |
| 09/21/2015 | **Hearing/Status Conference** (8:30 AM)  (Judicial Officer: Lynch - FA, |

*Printed on 01/19/2023 at 4:19 PM*

CASE SUMMARY
CASE NO. 15-002591-CF10A

|  |  |
|---|---|
| | Michael :Location: Room 4780)<br>    Charges: 1, 2, 3 |
| 09/21/2015 | File Court's Notice Of Hearing |
| 09/21/2015 | Hearing Held / Status Conference<br>    *Ct Rept - N. Sosa (i)* |
| 09/15/2015 | **Hearing/Status Conference** (8:30 AM)  (Judicial Officer: Lynch - FA.<br>Michael :Location: Room 4780)<br>    Charges: 1, 2, 3 |
| 09/15/2015 | File Court's Notice Of Hearing |
| 09/15/2015 | Hearing Held / Status Conference<br>    *Ct Rept - S. Wilson (i)* |
| 07/09/2015 | **Calendar Call** (8:30 AM)  (Judicial Officer: Lynch - FA, Michael :Location: Room 4780)<br>    Charges: 1, 2, 3<br>    Events: 06/05/2015 Arraignment Held |
| 07/09/2015 | File Courts<br>    *Canon 3.E. Disclosure* |
| 07/09/2015 | File Court's Notice Of Hearing |
| 07/09/2015 | File Defense Waiver Of Speedy Trial |
| 07/09/2015 | File Order Granting Def Motion For Continuance<br>    *verbal* |
| 07/09/2015 | Calendar Call/Held<br>    *Ct Rept - N. Williamson (i)* |
| 06/05/2015 | **Hearing/Status Conference** (8:30 AM)  (Judicial Officer: Lynch - FA.<br>Michael :Location: Room 4780)<br>    Charges: 1, 2, 3 |
| 06/05/2015 | File Court's Notice Of Hearing |
| 06/05/2015 | File Order Granting Def Motion To Withdraw Capias |
| 06/05/2015 | Plea (Judicial Officer: Porter, Lisa)<br>  1. Fleeing or Eluding a LEO<br>      Arraignment Not Guilty-Jury<br>        OBTS: 0608217162  Sequence: 1<br><br>  2. Resist/Obstruct W/O Violence<br>      Arraignment Not Guilty-Jury<br>        OBTS: 0608217162  Sequence: 2<br><br>  3. Operating W/O Valid License<br>      Arraignment Not Guilty-Jury<br>        OBTS: 0608217162  Sequence: 4 |
| 06/05/2015 | Capias Withdrawn |
| 06/05/2015 | Arraignment Held<br>    *Ct Rept - N. Sosa (i)* |
| 05/29/2015 | File States Discovery Submission |
| 05/27/2015 | **Arraignment** (8:30 AM)  (Judicial Officer: Lynch - FA. Michael :Location: Room 4780)<br>    Charges: 1, 2, 3 |
| 05/27/2015 | Capias Image |
| 05/27/2015 | Arraignment Not Held<br>    *Ct Rept - N. Sosa (i)/nbc issued* |
| 05/26/2015 | Court Date Notice Returned |

# CASE SUMMARY
## CASE NO. 15-002591-CF10A

| | |
|---|---|
| 05/25/2015 | File Defense Motion To Compel<br>*DISCOVERY* |
| 05/06/2015 | CTS_Current Due<br>   *Count(s):< |005|>*<br>      Charges: 5<br>      Amount: 0.00 |
| 05/06/2015 | CTS_Current Due<br>   *Count(s):< |004|>*<br>      Charges: 4<br>      Amount: 0.00 |
| 05/06/2015 | Court Date Notice |
| 04/24/2015 | **Disposition** (Judicial Officer: Porter, Lisa)<br>   4. Grand Theft (Motor Vehicle)<br>      No Information<br>         OBTS: 0608217162  Sequence: 3<br><br>   5. Possession Of Heroin<br>      No Information<br>         OBTS: 0608217162  Sequence: 5 |
| 04/24/2015 | File States Information |
| 04/24/2015 | File State's Instruction Sheet |
| 04/07/2015 | State Notice/Intent to Delay Finding Pending Further Review |
| 04/03/2015 | Release Status<br>   *BS15000983*<br>   Date 2: 04/02/2015 |
| 03/31/2015 | File Defense Notice Of Hearing<br>*Motion for Release from Custody/ March 30, 2015* |
| 03/30/2015 | **Hearing/Defense Motion for ROR** (1:30 PM)  (Judicial Officer: Judge- FMN, First<br>Appearance ;Location: Room 235)<br>*HS/03/27/15* |
| 03/30/2015 | File Order Granting Def Motion For ROR |
| 03/30/2015 | Hrg Held On Defense Motion For ROR<br>   *ct rept-electronic (D)* |
| 03/30/2015 | Hrg Held On Defense Motion For ROR<br>   *ct rept-electronic (D)* |
| 03/30/2015 | Hrg Held On Defense Motion For ROR<br>   *ct rept-electronic (D)* |
| 03/30/2015 | Hrg Held On Defense Motion For ROR<br>   *ct rept-electronic (D)* |
| 03/26/2015 | File Defense Motion For Release From Custody |
| 03/04/2015 | File Notice Of Def Invocation Of Right To Counsel |
| 02/28/2015 | CTS_PD Fees<br>      Amount: 50.00 |
| 02/28/2015 | CTS_Current Due<br>   *Count(s):< |000|>*<br>      Amount: 50.00 |
| 02/26/2015 | Review of Motor Vehicles - Property Records |
| 02/26/2015 | File Def Affidavit Indigency/Declared Indigent |

# CASE SUMMARY
## CASE NO. 15-002591-CF10A

| | |
|---|---|
| 02/26/2015 | File Deft Mot Disclose Impeaching Info/Inducements |
| 02/26/2015 | File Notice/Assistant PD Assignment |
| 02/26/2015 | Electronic Case |
| 02/25/2015 | Hrg Held / Magistrate Findings/Order - Probable Cause Found |
| 02/25/2015 | Citation Image
A0F244P |
| 02/25/2015 | Arrest Paperwork |

*Eastha Winfield* *Added Chg*
*A. Winfield*

**COMPLAINT/ARREST AFFIDAVIT**

CORRECTION SENT MTPD RECORDS

| OBTS NUMBER | | POLICE CASE NO. PD150121-026318 |
|---|---|---|

COMPLAINT/ARREST AFFIDAVIT -

| SPECIAL OPERATION: | ☐ FELONY ☐ MISD ☐ TRAFFIC ☐ JUV ☐ DV ☐ MOVES ☐ CIV INF ☐ WARRANT  FUGITIVE WARRANT: ☐ In state ☐ Out of state | JAIL NO. 15-11177 | PMHD ☐ Yes ☒ No ☐ Unknown | COURT CASE NO. H5-6865A |

| IDS NO. | AGENCY CODE 30 | MUNICIPAL P.D. DEF. ID NO. | MDPD RECORDS AND ID NO. | STUDENT ID NO. | | GANG ACTIVITY RELATED ARREST | FRAUD RELATED ARREST |

DEFENDANT'S NAME (LAST, FIRST, MIDDLE)
GEORGE, ROMANCEE

ALIAS and / or STREET NAME

SIGNAL:
☐ 100  ☐ 150  ☐ 200
☐ 300  ☐ 400  ☐ 500

| DOB (MM/DD/YYYY) 05/09/1990 | AGE 24 | RACE B | SEX M | ETHNICITY ☐ Hispanic ☒ Not Hispanic  HAITIAN | HEIGHT 6'0 | WEIGHT 170 | HAIR COLOR BLK | HAIR LENGTH SHORT | HAIR STYLE FADE | EYES BRN | GLASSES ☐ Yes ☒ No | FACIAL HAIR FUZZ | TEETH NOR |

SCARS, TATTOOS, UNIQUE PHYSICAL FEATURES (Location, Type, Description)

PLACE OF BIRTH (City, State/Country)
FLORIDA

| LOCAL ADDRESS (Street, Apt. Number) 3461 ISLAND DR | (City) MIRAMAR | (State) FL | (Zip) 33023 | PHONE (786) 540-9003 | CITIZENSHIP USA |
| PERMANENT ADDRESS (Street, Apt. Number) ☐ HOMELESS ☐ UNKNOWN  SAME | (City) | (State/Country) | (Zip) | PHONE ( ) - | OCCUPATION N/A |
| ☐ BUSINESS OR ☐ SCHOOL NAME AND ADDRESS  N/A | (Street) | (City) | (State/Country) | (Zip) | PHONE ( ) - | ADDRESS SOURCE: ☐ DL ☒ Verbal ☐ MUGSHOT |

| DRIVER'S LICENSE NUMBER / STATE G626-794-90-169-0 | | WEAPON SEIZED? Type ☐ Yes ☒ No | If Def. has Concealed Weapons Permit. PERMIT # W- | INDICATION OF:  Y  N  UNK  Alcohol influence ☐ ☒ ☐  Drug influence ☐ ☒ ☐ |

| ARREST DATE (MM/DD/YYYY) 04/02/2015 | ARREST TIME (HHMM) 2215 | ARREST LOCATION (include name of business) TGK | | GRID |

| CO-DEFENDANT NAME (Last, First, Middle) 1. HUBBERT, RONALD L. | | DOB (MM/DD/YYYY) 12/22/1989 | ☒ IN CUSTODY ☐ AT LARGE | ☒ FELONY ☐ DV | ☐ JUVENILE ☐ MISDEMEANOR |
| CO-DEFENDANT NAME (Last, First, Middle) 2. | N/A | DOB (MM/DD/YYYY) | ☐ IN CUSTODY ☐ AT LARGE | ☐ FELONY ☐ DV | ☐ JUVENILE ☐ MISDEMEANOR |
| CO-DEFENDANT NAME (Last, First, Middle) 3. | N/A | DOB (MM/DD/YYYY) | ☐ IN CUSTODY ☐ AT LARGE | ☐ FELONY ☐ DV | ☐ JUVENILE ☐ MISDEMEANOR |

COURT COPY

| JUV only | ☐ Parent ☐ Guardian ☐ Foster Care | (Name) | (Street, Apt. Number) | (City) | (State/County) | (Zip) | (Phone) ( ) | Contacted? ☐ Yes ☐ No |

| CHARGES | CHARGE AS: | COUNTS | FL STATUTE NUMBER | VIOL. OF SECT | CODE OR | UCR | DV | WARRANT TYPE OR TRAFFIC CITATION |
|---|---|---|---|---|---|---|---|---|
| 1. OCCUPIED BURGLARY w/BATTERY | ☒ F.S. ☐ ORD | 1 | 810.02(2)(A)(B) | | | | | ☐ AC ☐ CAPIAS ☐ BW ☐ FW ☐ PW ☐ JUV PU ☐ AW  ☐ DW ☐ WRIT  CASE #: |
| 2. ARMED HOME INVASION (WEAPON ACC) DEADLY | ☒ F.S. ☐ ORD | 1 | 812.135(2)(A) | | | | | ☐ AC ☐ CAPIAS ☐ BW ☐ FW ☐ PW ☐ JUV PU ☐ AW  ☐ DW ☐ WRIT  CASE #: |
| 3. ARMED CARJACKING (DEADLY WEAPON) | ☒ F.S. ☐ ORD | 1 | 812.133(2)(A) | | | | | ☐ AC ☐ CAPIAS ☐ BW ☐ FW ☐ PW ☐ JUV PU ☐ AW  ☐ DW ☐ WRIT  CASE #: |
| 4. FALSE IMPRISONMENT | ☐ F.S. ☐ ORD | 1 | 787.02(1)(A) | | | | | ☐ AC ☐ CAPIAS ☐ BW ☐ FW ☐ PW ☐ JUV PU ☐ AW  ☐ DW ☐ WRIT  CASE #: |

The undersigned certifies and swears that he/she has just and reasonable grounds to believe, and does believe that the above named Defendant committed the following violation of law;

On the 21 day of JANUARY, 20 15, at 0230 (HHMM) at 15600 NW 7AVE #621 (Location, include name of business) (Narrative, be specific)

THE VIC AND Δ GEORGE ARE KNOWN TO EACH OTHER. PRIOR TO THE INCIDENT

OCCURING Δ GEORGE WENT TO THE VIC'S APARTMENT. Δ GEORGE ASKED THE VIC

FOR $100.00. THE VIC ADVISED THAT HE DID NOT HAVE MONEY TO LEND HIM

AT WHICH POINT Δ GEORGE ADVISED THE VIC THAT HE WAS GOING TO GO AND

GET THE MONEY. Δ GEORGE THEN LEFT THE VIC'S APARTMENT. APRX 1/2 HOUR AFTER

Δ GEORGE LEFT, HE RETURNED. THE VIC WAITED OUTSIDE OF HIS APARTMENT

FOR Δ GEORGE. ONCE Δ GEORGE EXITED THE ELEVATOR, HE ALONG w/    PAGE 1 OF 3

| HOLD FOR OTHER AGENCY Name: | VERIFIED BY | ☐ HOLD FOR BOND HEARING. DO NOT BOND OUT (Officer Must Appear at Bond Hearing.) | I understand that should I willfully fail to appear before the court as required by this notice to appear that I may be held in contempt of court and a warrant for my arrest shall be issued. Furthermore, I agree that notice concerning the time, date and place of all court hearings should be sent to the above address. I agree that it is my responsibility to notify Clerk of the Court (Juveniles notify Juvenile Division) anytime that my address changes. |
| I SWEAR THAT THE ABOVE STATEMENT IS TRUE AND CORRECT. | | SWORN TO AND SUBSCRIBED BEFORE ME, THE UNDERSIGNED AUTHORITY THIS ___ 2015 | |
| OFFICER'S / COMPLAINANT'S SIGNATURE  A. SARMIENTO | COURT ID NUMBER/LOC. CODE 587 (4) | | You need not appear in court, but must comply with the instructions on the reverse side hereof. |
| NAME (Printed) | AGENCY NAME MDPP | Deputy of the Clerk or Notary Public | Signature of Defendant / Juvenile and Parent or Guardian |

32.02.09-9  Rev. 04/08

(right thumb print)

| OBTS NUMBER | | | **COMPLAINT/ARREST AFFIDAVIT** | POLICE CASE NO. | |
|---|---|---|---|---|---|
| | | | **CONTINUATION** | PD150121-026318 | |
| JAIL NO. | | | COURT CASE NO. | | |
| | | | | ETS- 6865A | |
| IDS NO. | | AGENCY CODE 30 | MUNICIPAL P.D. DEF. ID NO. | MDPD RECORDS AND ID NO. | |

| DEFENDANT'S NAME (LAST, FIRST, MIDDLE) | | DOB (MM/DD/YYYY) |
|---|---|---|
| GEORGE, ROMANCEE | | 05/08/1990 |

| ADDITIONAL CO-DEFENDANT NAME (Last, First, Middle) | DOB (MM/DD/YYYY) | |
|---|---|---|
| 4. | | ☐ IN CUSTODY  ☐ FELONY  ☐ JUVENILE  ☐ AT LARGE  ☐ DV  ☐ MISDEMEANOR |

| ADDITIONAL CO-DEFENDANT NAME (Last, First, Middle) | DOB (MM/DD/YYYY) | |
|---|---|---|
| 5. | | ☐ IN CUSTODY  ☐ FELONY  ☐ JUVENILE  ☐ AT LARGE  ☐ DV  ☐ MISDEMEANOR |

| ADDITIONAL CHARGES | CHARGE AS: | COUNTS | FL STATUTE NUMBER | VIOL. OF SECT | CODE OF | UCR | DV | WARRANT TYPE OR TRAFFIC CITATION |
|---|---|---|---|---|---|---|---|---|
| 5. | ☐ F.S.  ☐ ORD | | | | | | | ☐AC ☐CAPIAS ☐BW ☐FW ☐PW ☐JUV PU ☐AW ☐DVW ☐WRIT  CASE #: |
| 6. | ☐ F.S.  ☐ ORD | | | | | | | ☐AC ☐CAPIAS ☐BW ☐FW ☐PW ☐JUV PU ☐AW ☐DVW ☐WRIT  CASE #: |
| 7. | ☐ F.S.  ☐ ORD | | | | | | | ☐AC ☐CAPIAS ☐BW ☐FW ☐PW ☐JUV PU ☐AW ☐DVW ☐WRIT  CASE #: |
| 8. | ☐ F.S.  ☐ ORD | | | | | | | ☐AC ☐CAPIAS ☐BW ☐FW ☐PW ☐JUV PU ☐AW ☐DVW ☐WRIT  CASE #: |

Δ HUBBERT, WHO WAS HOLDING A LARGE ROUND STONE IN HIS HAND, APPROACHED THE VIC, WHO IN FEAR BEGAN TO SCREAM AND ATTEMPTED TO RUN AWAY Δ GEORGE AND Δ HUBBERT GRABBED THE VIC AND BEGAN TO BEAT HIM W/ THE ROCK. Δ GEORGE AND Δ HUBBERT, WHERE THEN ABLE TO CONTROL THE VIC AND CARRIED HIM INTO HIS APARTMENT. ONCE INSIDE THE APARTMENT, BOTH OF THE Δ'S CONTINUED TO BEAT THE VIC W/ THE ROCK. Δ GEORGE THREW THE VIC ON THE GROUND IN THE LIVING ROOM AND Δ HUBBERT CONTINIOUSLY STRUCK THE VIC W/ THE STONE THROUGOUT THE BODY AND HEAD. THE VIC FURTHER ADVISED THAT HE FELT AS IF HE WAS BEING TASED BY THE Δ'S WHILE ON THE GROUND. Δ GEORGE THEN ORDERED Δ HUBBERT TO TIE THE VIC UP W/ DUCT TAPE WHILE HE WAS STRANGLING THE VIC. CAUSING HIM TO LOSE CONCIOUSNESS BRIEFLY. THE VIC ATTEMPTED TO ESCAPE, AS THE VIC TRIED TO GET TO THE FRONT DOOR Δ GEORGE ONCE AGAIN THREW HIM ON THE GROUND AND ATTEMPTED TO STRANGLE HIM. Δ GEORGE COVERED THE VIC'S NOSE AND MOUTH AT WHICH POINT THE VIC TRIED TO MOVE Δ GEORGE'S HANDS FROM HIS FACE. Δ GEORGE THEN BITE THE VIC FINGER CAUSING A LARGE PAGE 2 OF 3

| HOLD FOR OTHER AGENCY | VERIFIED BY | ☐ HOLD FOR BOND HEARING. DO NOT BOND OUT (Officer must appear at Bond Hearing.) | I understand that should I wilfully fail to appear before the court as required by this notice to appear that I may be held in contempt of court and a warrant for my arrest shall be issued. Furthermore, I agree that notice concerning the time, date, and place of all court hearings should be sent to the above address. I agree that it is my responsibility to notify Clerk of the Court (Juveniles notify Juvenile Division) anytime that my address changes. |
|---|---|---|---|
| Name: | | | |
| I SWEAR THAT THE ABOVE STATEMENT IS TRUE AND CORRECT. | 5887 (42) | SWORN TO AND SUBSCRIBED BEFORE ME BY THE UNDERSIGNED AUTHORITY THIS | You need not appear in court, but must comply with the instructions on the reverse side hereof. |
| OFFICERS / COMPLAINANT'S SIGNATURE  C. SARMIENTO | COURT ID NUMBER/LOC. CODE | DAY OF | |
| NAME (Printed) | MDPD  AGENCY NAME | Deputy of the Court | Signature of Defendant / Juvenile and Parent or Guardian |

Miami—Dade

| OBTS NUMBER | | COMPLAINT/ARREST AFFIDAVIT CONTINUATION | | POLICE CASE NO. PD150121-026318 | |
|---|---|---|---|---|---|

JAIL NO. 15

COURT CASE NO. FIS-6865B

IDS NO.

AGENCY CODE 30

MUNICIPAL P.D. DEF. ID NO.

MDPD RECORDS AND ID NO.

DEFENDANT'S NAME (LAST, FIRST, MIDDLE)
GEORGE, ROMANCEE

DOB (MM/DD/YYYY) 05/09/1996

ADDITIONAL CO-DEFENDANT NAME (Last, First, Middle)
4.

DOB (MM/DD/YYYY)

☐ IN CUSTODY ☐ FELONY ☐ JUVENILE
☐ AT LARGE ☐ DV ☐ MISDEMEANOR

ADDITIONAL CO-DEFENDANT NAME (Last, First, Middle)

DOB (MM/DD/YYYY)

☐ IN CUSTODY ☐ FELONY ☐ JUVENILE
☐ AT LARGE ☐ DV ☐ MISDEMEANOR

| ADDITIONAL CHARGES | CHARGE AS: | COUNTS | FL STATUTE NUMBER | VIOL. OF SECT | CODE OF | UCR | DV | WARRANT TYPE OR TRAFFIC CITATION |
|---|---|---|---|---|---|---|---|---|
| 5. | ☐ F.S. ☐ ORD | | | | | | | ☐AC ☐CAPIAS ☐BW ☐FW ☐PW ☐JUV PU ☐AW ☐DVW ☐WRIT CASE #: |
| 6. | ☐ F.S. ☐ ORD | | | | | | | ☐AC ☐CAPIAS ☐BW ☐FW ☐PW ☐JUV PU ☐AW ☐DVW ☐WRIT CASE #: |
| 7. | ☐ F.S. ☐ ORD | | | | | | | ☐AC ☐CAPIAS ☐BW ☐FW ☐PW ☐JUV PU ☐AW ☐DVW ☐WRIT CASE #: |
| 8. | ☐ F.S. ☐ ORD | | | | | | | ☐AC ☐CAPIAS ☐BW ☐FW ☐PW ☐JUV PU ☐AW ☐DVW ☐WRIT CASE #: |

LACERATION THAT REQUIRED SEVERAL STITCHES. THE VIC TOLD △ GEORGE

THAT HIS NEIGHBOOR HAD CALLED THE POLICE AND THAT THE POLICE WAS

ON THE WAY. △ GEORGE THEN ORDERED △ HUBBERT TO GET THE

VIC'S KEYS AND CELL PHONE. △ HUBBERT THEN WENT TO THE VIC'S

ROOM AND TOOK HIS PROPERTY. △ GEORGE AND HUBBERT THEN FLED

W/ THE VIC'S PROPERTY. △ GEORGE AND HUBBERT THEN WENT TO THE

PARKING LOT WHERE THE VIC'S VEHICLE WAS PARKED AT AND FLED

IN IT.

THE VIC POSITIVELY IDENTIFIED △ GEORGE FROM A CONFIRMATORY

PHOTOGRAPH.

ON TODAY'S DATE △ GEORGE WAS LOCATED AND CHARGED ACCORDINGLY.

PAGE 3 of 3

HOLD FOR OTHER AGENCY

VERIFIED BY

Name

HOLD FOR BOND HEARING. DO NOT BOND OUT (Officer Must Appear at Bond Hearing).

I understand that should I willfully fail to appear before the court as required by this notice to appear that I may be held in contempt of court and a warrant for my arrest shall be issued. Furthermore, I agree that notice concerning the time, date, and place of all court hearings should be sent to the above address. I agree that it is my responsibility to notify Clerk of the Court (Juveniles notify Juvenile Division) anytime that my address changes.

I ___ THAT THE ABOVE STATEMENT IS TRUE AND CORRECT.

SWORN TO AND SUBSCRIBED BEFORE ME, THE UNDERSIGNED AUTHORITY THIS ___ DAY OF ___

You need not appear in court, but must comply with the instructions on the reverse side hereof.

OFFICER'S / COMPLAINANT'S SIGNATURE
△. SARMIENTO

COURT ID NUMBER/LOC. CODE
5&87 (4)

NAME (Printed)

MDPD
AGENCY NAME

Deputy of the Court or Notary Public

Signature of Defendant / Juvenile and Parent or Guardian

Exhibit. Compassionate Release

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 15-20717-CR-LENARD

**UNITED STATES OF AMERICA,**

**v.**

**ROMANCEE OSHAY GEORGE,**

   **Defendant.**
_____/

### GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO REDUCE
### SENTENCE PURSUANT TO 18 U.S.C. § 3582(C)(1)(A)(i)

   Defendant Romancee Oshay George has filed a motion asking this Court to reduce his sentence of imprisonment under 18 U.S.C. § 3582(c)(1)(A) and order his immediate release, relying in part on the threat posed by the COVID-19 pandemic. The United States respectfully opposes the motion. This is the second motion filed by the Defendant asking this Court to reduce his sentence of imprisonment under 18 U.S.C. § 3582(c)(1)(A) and order his immediate release. This Court previously denied Defendant's first motion without prejudice for Defendant's failure to exhaust his administrative remedies. The Court should deny the instant motion with prejudice because Defendant has not met his burden of establishing that a sentence reduction is warranted under the statute.

### Factual Background

   On April 27, 2016, Defendant was convicted of one count of Carjacking, in violation of 18 U.S.C. § 2119(1). This Court sentenced him to 175 months' of imprisonment (DE:69). Defendant has served 57 months of that sentence. He now moves under 18 U.S.C. § 3582(c)(1)(A) for a sentence reduction resulting in his immediate release from the custody of the Bureau of Prisons (BOP), relying on the threat posed by the COVID-19 pandemic.

**I.     BOP's Response to the COVID-19 Pandemic**

   As this Court is well aware, COVID-19 is an extremely dangerous illness that has caused many deaths in the United States in a short period of time and that has resulted in massive disruption to our society and economy. In response to the pandemic, BOP has taken significant measures to protect the health of the inmates in its charge.

defendant attacked the victim and took his phone, wallet, and automobile. *Id*. Defendant, who knew the victim, called the victim at his apartment and asked that he be let into the apartment building. *Id*. Defendant went to the victim's apartment and attacked the victim. *Id*. The victim tried to escape, but Defendant dragged him back into the apartment, beat and kicked the victim, and the victim was cut and bled profusely. *Id*. Defendant told his co-defendant to get a roll of tape, and the victim's wallet and iPhone. *Id*. Defendant grabbed victim's car keys, and left the victim's apartment. *Id*. About a month later, law enforcement found Defendant driving the stolen vehicle, attempted to stop Defendant, and Defendant ended up in a police chase where police ended up using a "PIT maneuver" to turn the stolen vehicle sideways to stop Defendant from fleeing police. *Id*. The defendant was sentenced by this Court on April 27, 2016 to 175-month term of imprisonment (DE:69). Defendant's criminal history was a category V (DE:83:24) due to his various violent felony convictions for aggravated assault and strongarm robbery, and prior prison sentence (DE:83:36-38). This Court noted at sentencing "[Defendant's] criminal history is very, very serious. It involves a number of violent offenses." (DE:83:36). Defendant appealed his sentence, and on October 23, 2017, the Eleventh Circuit Court of Appeals issued a mandate affirming Defendant's sentence (DE:91).

To date, Defendant has filed one motion for release or reduction of his sentence with the Court. On May 13, 2020, Defendant filed a motion with this Court seeking compassionate release under 18 U.S.C. § 3582(c)(1)(A) on the ground that due to his health conditions he falls "within multiple high-risk populations with respect to COVID-19," and that his incarceration presents "a greater danger to the public than would [his] release." (DE:97). This Court denied the motion on July 14, 2020, concluding that the Defendant had not exhausted administrative remedies, and because Defendant failed to exhaust his administrative remedies, the Court was without authority to consider the Motion and need not analyze whether Defendant would otherwise qualify for a sentence reduction under Section 3582(c)(1)(A) and U.S.S.G. § 1B1.13 n.1. (DE:110).

On August 12, 2020, Defendant filed a second motion with this Court seeking compassionate release under 18 U.S.C. § 3582(c)(1)(A) on the same grounds of his prior motion, that due to his health conditions he falls "within multiple high-risk populations with respect to COVID-19," and that his incarceration presents "a greater danger to the public than would [his] release." (DE:117:4). In his motion, Defendant states he applied for BOP administrative remedies

for compassionate release, and attached a letter from the warden dated July 31, 2020 denying his request for compassionate release. *See Id.* at 8.

Defendant has served 57 months of his 175-month sentence, slightly less than a third of his sentence, and has 119 months of his sentence left. Defendant is currently being housed at USP Lee, a high security U.S. penitentiary with an adjacent minimum-security satellite camp. To date, there have been no reported cases of COVID-19 among inmates, and three reported cases of COVID-19 among the staff at USP Lee.

**Legal Framework**

Under 18 U.S.C. § 3582(c)(1)(A), this Court may, in certain circumstances, grant a defendant's motion to reduce his or her term of imprisonment. Before filing that motion, however, the defendant must first request that BOP file such a motion on his or her behalf. § 3582(c)(1)(A). A court may grant the defendant's own motion for a reduction in his sentence only if the motion was filed "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf" or after 30 days have passed "from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." *Id.*

If that exhaustion requirement is met, a court may reduce the defendant's term of imprisonment "after considering the factors set forth in [18 U.S.C. § 3553(a)]" if the Court finds, as relevant here, that (i) "extraordinary and compelling reasons warrant such a reduction" and (ii) "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." § 3582(c)(1)(A)(i). As the movant, the defendant bears the burden to establish that he or she is eligible for a sentence reduction. *United States v. Jones*, 836 F.3d 896, 899 (8th Cir. 2016); *United States v. Green*, 764 F.3d 1352, 1356 (11th Cir. 2014).

The Sentencing Commission has issued a policy statement addressing reduction of sentences under § 3582(c)(1)(A). As relevant here, the policy statement provides that a court may reduce the term of imprisonment after considering the § 3553(a) factors if the Court finds that (i) "extraordinary and compelling reasons warrant the reduction;" (ii) "the defendant is not a

*Denial*

**STATE OF FLORIDA**
**DEPARTMENT OF CORRECTIONS**

Docket #: F1413929B
DC#: S25150
Judge/Division: Tinkler-Mendez / 016

**THIRD AMENDED AFFIDAVIT**
**VIOLATION OF PROBATION**

*FILED*
*SEP 3 0 2015*

Before me this day personally appeared Yonel Saint Louis who, being first duly sworn says that George Romance, hereinafter referred to as the offender, was on the 5th day of September, A.D. 2014 placed on probation for the offense of I. Robbery/Strongarm in the Circuit Court of Miami Dade County, for a term of one (1) year preceded by 180 days DCJ in accordance with the provisions of Chapter 948, Florida Statutes.

Affiant states that the offender was instructed on the conditions of probation on 09/05/2014 by officer M. Willard.

Affiant further states that the offender has not properly conducted himself, but has violated the conditions of his probation in a material respect by:

**FAILURE TO REPORT**
**Violation of Condition (1) of the Order of Probation, by failing to make a full and truthful report to the probation** officer on the form provided for that purpose and by failing to report to the probation office as directed, in that, on 12/02/2014, the offender was instructed by Officer Saint Louis to report to the probation office on 01/06/2015 for the month of January, and as grounds for belief that the offender violated his probation, Officer Saint Louis states that the offender failed to report as directed, as of 01/29/2015.

**CHANGING RESIDENCE - ABSCONDING**
**Violation of Condition (3) of the Order of Probation,** by changing his residence without first procuring the consent of the probation officer, and as grounds for belief that the offender violated his probation, Officer Saint Louis states that on or about 01/27/2015, the offender did move from his last known place of residence at 15600 NW 7th Avenue #621Miami, Florida, without procuring the consent of the probation officer, as told to Officer Saint Louis on 01/27/2015, by Hernando (Alex) Buitrago, and his current whereabouts are unknown.

*Victim*

**FAILURE TO MAKE RESTITUTION**
**Violation of Special Condition (2) of the Order of Probation,** by failing to make restitution payments to the probation officer as directed in accordance with the payment instructions of the court , and as grounds for belief that the offender violated his probation, Officer Saint Louis states the offender failed to make any payments towards restitution as of 01/29/2015.

Additional Charges:

**NEW ARREST**
**Violation of Condition (5) of the Order of Probation,** by failing to live and remain at liberty without violating any law by committing the criminal offense of Flee and Elude LEO on 02/24/2015, in Broward County, Florida, and as grounds for belief that the offender violated his probation, Officer Saint Louis states that the offender was arrested on 02/24/2015, for the said offense by the Broward Sheriff's Office as alleged by Broward County Circuit Court case 15-002591-CF10A.

**NEW ARREST**
**Violation of Condition (5) of the Order of Probation,** by failing to live and remain at liberty without violating any law by committing the criminal offense of Grand Theft Auto on 02/24/2015, in Broward County, Florida, and as grounds for belief that the offender violated his probation, Officer Saint Louis states that the offender was arrested on 02/24/2015, for the said offense by the Broward Sheriff's Office as alleged by Broward County Circuit Court case 15-002591-CF10A.

DC3-216 (Revised 10/11/13)

| Distribution: | Original: | Court |
|---|---|---|
| | Copy: | Left Side-Offender File |

*See amended aff filed 7/13/16*

*Name: George, Romance*          *Case: F14-13929*          *DC#: S25150*

**NEW ARREST**
**Violation of Condition (5) of the Order of Probation,** by failing to live and remain at liberty without violating any law by committing the criminal offense of Grand Theft Auto on 02/24/2015, in Broward County, Florida, and as grounds for belief that the offender violated his probation, Officer Saint Louis states that the offender was arrested on 02/24/2015, for the said offense by the Broward Sheriff's Office as alleged by Broward County Circuit Court case 15-002591-CF10A.

**NEW ARREST**
**Violation of Condition (5) of the Order of Probation,** by failing to live and remain at liberty without violating any law by committing the criminal offense of Possession of Heroin on 02/24/2015, in Broward County, Florida, and as grounds for belief that the offender violated his probation, Officer Saint Louis states that the offender was arrested on 02/24/2015, for the said offense by the Broward Sheriff's Office as alleged by Broward County Circuit Court case 15-002591-CF10A.

**NEW ARREST**
**Violation of Condition (5) of the Order of Probation,** by failing to live and remain at liberty without violating any law by committing the criminal offense of Resist Officer-Obstruction on 02/24/2015, in Broward County, Florida, and as grounds for belief that the offender violated his probation, Officer Saint Louis states that the offender was arrested on 02/24/2015, for the said offense by the Broward Sheriff's Office as alleged by Broward County Circuit Court case 15-002591-CF10A.

**NEW ARREST**
**Violation of Condition (5) of the Order of Probation,** by failing to live and remain at liberty without violating any law by committing the criminal offense of DWLS on 02/24/2015, in Broward County, Florida, and as grounds for belief that the offender violated his probation, Officer Saint Louis states that the offender was arrested on 02/24/2015, for the said offense by the Broward Sheriff's Office as alleged by Broward County Circuit Court case 15-002591-CF10A.

**LEAVING THE COUNTY WITHOUT PERMISSION - ARREST**
**Violation of Condition (3) of the Order of Probation,** by leaving his county of residence without first procuring the consent of the probation officer, and as grounds for belief that the offender violated his probation, Officer Y. Saint Louis states that on 02/24/15, the offender did leave Miami Dade County, Florida, his county of residence, without the consent of the probation officer and did enter Broward County, as evidenced by his arrest on 02/24/2015, by BSO.

<u>Newer Charges</u>:

**NEW ARREST**
**Violation of Condition (5) of the Order of Probation,** by failing to live and remain at liberty without violating any law by committing the criminal offense of BURG/ASLT/BATT-PBL on 01/21/2015, in Miami Dade County, Florida, and as grounds for belief that the offender violated his probation, Officer Saint Louis states that the offender was arrested on 04/02/2015, for the said offense by the Miami Dade Police Department as alleged by Miami Dade County Circuit Court case F15-6865.

**NEW ARREST**
**Violation of Condition (5) of the Order of Probation,** by failing to live and remain at liberty without violating any law by committing the criminal offense of ROBB/HOME INV/CARRIED WP on 01/21/2015, in Miami Dade County, Florida, and as grounds for belief that the offender violated his probation, Officer Saint Louis states that the offender was arrested on 04/02/2015, for the said offense by the Miami Dade Police Department as alleged by Miami Dade County Circuit Court case F15-6865.

Case 5:23-cv-00773-CBM-ADS   Document 1   Filed 04/28/23   Page 47 of 63   Page ID
#:47
Case 1:21-cv-22068-JAL   Document 13   Entered on FLSD Docket 09/08/2021   Page 5 of 14

*Name: George, Romance*          *Case: F14-13929*          *DC#: S25150*

**NEW ARREST**
**Violation of Condition (5) of the Order of Probation,** by failing to live and remain at liberty without violating any law by committing the criminal offense of ROBB/CARJCK/ARM-PBL on 01/21/2015, in Miami Dade County, Florida, and as grounds for belief that the offender violated his probation, Officer Saint Louis states that the offender was arrested on 04/02/2015, for the said offense by the Miami Dade Police Department as alleged by Miami Dade County Circuit Court case F15-6865.

**NEW ARREST**
**Violation of Condition (5) of the Order of Probation,** by failing to live and remain at liberty without violating any law by committing the criminal offense of FALSE IMPRISONMENT on 01/21/2015, in Miami Dade County, Florida, and as grounds for belief that the offender violated his probation, Officer Saint Louis states that the offender was arrested on 04/02/2015, for the said offense by the Miami Dade Police Department as alleged by Miami Dade County Circuit Court case F15-6865.

**Additional Violation:**

**NEW ARREST**
**Violation of Condition (5) of the Order of Probation,** by failing to live and remain at liberty without violating any law by committing the criminal offense of Murder/Premeditated/Attempt/FA on 09/09/2015/2015, in Miami Dade County, Florida, and as grounds for belief that the offender violated his probation, Officer Saint Louis states that the offender was arrested on 09/09/2015, for the said offense by the Miami Dade Police Department as alleged by Miami Dade County Circuit Court case F15-18907.

Under penalties of perjury, I declare that I have read the foregoing document and that the facts stated in it are true.

Yonel Saint Louis
Officer

**THIS AFFIDAVIT MUST BE NOTARIZED OR ATTESTED TO UNDER S. 117.10 OR 92.50, FLA. STAT.**

Sworn to and subscribed before me this _28th_ (day) of _September_ (month), A.D. _2015_ (year) by _Yonel Saint Louis_, who is

personally known to me or has produced identification _____

Notary Public _____

State of Florida at Large for Miami Dade County

Approved by Supervisor: _____          Date: _9/28/15_

KIMLYNN Y. COHEN
MY COMMISSION # EE 223706
EXPIRES: August 8, 2016
Bonded Thru Budget Notary Services

305-626-4960          /_____
Officer Telephone/E-Mail Address

3

Case 5:23-cv-00773-CBM-ADS    Document 1    Filed 04/28/23    Page 48 of 63    Page ID
#:48
Case 1:21-cv-22068-JAL    Document 13    Entered on FLSD Docket 09/08/2021    Page 6 of 14

**STATE OF FLORIDA**
**DEPARTMENT OF CORRECTIONS**
**AMENDED VIOLATION REPORT**

Date: 01/28/2015                          **Mandatory Retaking From:**

To: Honorable Judge MILTON HIRSCH      From: YONEL    SAINT LOUIS
**NAME: GEORGE    ROMANCE**                 DC NO: S25150
Circuit: MIAMI - NORTH
Case No: 1326242  1413929                UC No:
Scheduled Termination Date: 11/15/2015

**REQUESTING**

Warrant for Arrest Requested

**TYPE OF REPORT**

Non-Compliance with Conditions

**LOCATION**

At Large    Current Address    15600 NW 7 AVENUE
                               #621
                               MIAMI         ,FL  33169-6251

**1) HOW VIOLATION OCCURRED:**

**FAILURE TO REPORT**
**Violation of Condition (1) of the Order of Probation,** by failing to make a full and truthful report to the probation officer on the form provided for that purpose and by failing to report to the probation office as directed, in that, on 12/02/2014, the offender was instructed by Officer Saint Louis to report to the probation office on 01/06/2015 for the month of January, and as grounds for belief that the offender violated his probation, Officer Saint Louis states that the offender failed to report as directed, as of 01/29/2015.

**Circumstances:** The offender was released from incarceration on 11/15/2014 and he reported to the probation office on 11/19/2014 at which time Officer Saint Louis reinstructed the subject on his orders of supervision. The offender signed the aforementioned orders stating that he understands the conditions of his supervision. On 12/02/2014, Officer Saint Louis issued a report schedule to the offender with the dates and time to report to probation every month. The offender was instructed to report to probation on 01/06/2015 for the month of January, 2015. However the offender failed to report to probation as instructed as of 01/29/2015

4

Case 5:23-cv-00773-CBM-ADS    Document 1    Filed 04/28/23    Page 49 of 63    Page ID
#:49
Case 1:21-cv-22068-JAL   Document 13   Entered on FLSD Docket 09/08/2021   Page 7 of 14

Name: George, Romance          Case: F13-26242, F14-13929          DC#: S25150

## CHANGING RESIDENCE - ABSCONDING

**Violation of Condition (3) of the Order of Probation,** by changing his residence without first procuring the consent of the probation officer, and as grounds for belief that the offender violated his probation, Officer Saint Louis states that on or about 01/27/2015, the offender did move from his last known place of residence at 15600 NW 7th Avenue #621Miami, Florida, without procuring the consent of the probation officer, as told to Officer Saint Louis on 01/27/2015, by Hernando (Alex) Buitrago, and his current whereabouts are unknown.

**Circumstances:** On 01/13/2015, this writer received a voice message from a male who identified himself as Jonathan and the offender's brother. Jonathan stated that the offender was in a hospital in Sheridan. On 01/27/2015, in an attempt to locate the offender, officer Saint Louis went to his last known address at 15600 NW 7th Avenue #621 Miami, Florida. Upon arrival at the said residence, officer Saint Louis made contact with the offender's roommate, Hernando (Alex) Buitrago, who stated that he has not seen the offender since 01/20/15 following an altercation he had with the offender. When asked if he knew where the offender was, Hernando Buitrago advised this writer that he did not know and added the offender no longer lives there. The offender did not report to probation and his current whereabouts are unknown at this time. A record check of the FCIC/NCIC conducted on 01/29/2015 did not reveal any new arrest.

## FAILURE TO MAKE RESTITUTION

**Violation of Special Condition (2) of the Order of Probation,** by failing to make restitution payments to the probation officer as directed in accordance with the payment instructions of the court , and as grounds for belief that the offender violated his probation, Officer Saint Louis states the offender failed to make any payments towards restitution as of 01/29/2015.

**Circumstances:** As a condition of supervision, on 04/24/2014, the offender was ordered to pay $525.00 restitution to the victim, Steve Gamboa in case number F13-26242. The offender was also ordered, on 09/05/2014, to pay $600.00 joint and several at a rate of $50.00 a month to the victim, Jerry Ridgeway in case number F14-13929B. On 11/24/2014, the offender signed the Offender Financial Obligation Agreement stating he understands failure to honor monetary obligations may result in a violation of the terms of his supervision. As of 01/29/2015, the offender failed to make any payments towards restitution.

<u>Additional Charges</u>:

### NEW ARREST

**Violation of Condition (5) of the Order of Probation,** by failing to live and remain at liberty without violating any law by committing the criminal offense of Flee and Elude LEO on 02/24/2015, in Broward County, Florida, and as grounds for belief that the offender violated his probation, Officer Saint Louis states that the offender was arrested on 02/24/2015, for the said offense by the Broward Sheriff's Office as alleged by Broward County Circuit Court case 15-002591-CF10A.

### NEW ARREST

**Violation of Condition (5) of the Order of Probation,** by failing to live and remain at liberty without violating any law by committing the criminal offense of Grand Theft Auto on 02/24/2015, in Broward County, Florida, and as grounds for belief that the offender violated his probation, Officer Saint Louis states that the offender was arrested on 02/24/2015, for the said offense by the Broward Sheriff's Office as alleged by Broward County Circuit Court case 15-002591-CF10A.

Case 5:23-cv-00773-CBM-ADS   Document 1   Filed 04/28/23   Page 50 of 63   Page ID
#:50
Case 1:21-cv-22068-JAL   Document 13   Entered on FLSD Docket 09/08/2021   Page 8 of 14

*Name: George, Romance*          *Case: F13-26242, F14-13929*          *DC#: S25150*

**NEW ARREST**
**Violation of Condition (5) of the Order of Probation,** by failing to live and remain at liberty without
violating any law by committing the criminal offense of Grand Theft Auto on 02/24/2015, in Broward
County, Florida, and as grounds for belief that the offender violated his probation, Officer Saint Louis
states that the offender was arrested on 02/24/2015, for the said offense by the Broward Sheriff's Office
as alleged by Broward County Circuit Court case 15-002591-CF10A.

**NEW ARREST**
**Violation of Condition (5) of the Order of Probation,** by failing to live and remain at liberty without
violating any law by committing the criminal offense of Possession of Heroin on 02/24/2015, in Broward
County, Florida, and as grounds for belief that the offender violated his probation, Officer Saint Louis
states that the offender was arrested on 02/24/2015, for the said offense by the Broward Sheriff's Office
as alleged by Broward County Circuit Court case 15-002591-CF10A.

**NEW ARREST**
**Violation of Condition (5) of the Order of Probation,** by failing to live and remain at liberty without
violating any law by committing the criminal offense of Resist Officer-Obstruction on 02/24/2015, in
Broward County, Florida, and as grounds for belief that the offender violated his probation, Officer Saint
Louis states that the offender was arrested on 02/24/2015, for the said offense by the Broward Sheriff's
Office as alleged by Broward County Circuit Court case 15-002591-CF10A.

**NEW ARREST**
**Violation of Condition (5) of the Order of Probation,** by failing to live and remain at liberty without
violating any law by committing the criminal offense of DWLS on 02/24/2015, in Broward County,
Florida, and as grounds for belief that the offender violated his probation, Officer Saint Louis states that
the offender was arrested on 02/24/2015, for the said offense by the Broward Sheriff's Office as alleged
by Broward County Circuit Court case 15-002591-CF10A.

**Circumstances:** According to the arrest affidavit filed by Officer Beculhimer of the BSO, on 02/24/2015
at the location of 2600 S. State Rd 7 Miramar, Fl, the offender was the driver and the sole occupant of the
vehicle. Officer Beculhimer stated "The vehicle's tag was ran and came back as reported stolen vehicle.
The driver failed to stop upon activation my light and siren. This vehicle had been stolen in a Home
Invasion Robbery in Dade County case #PD150121026318. With this violent crime in mind, I conducted
a P.I.T on this vehicle to avoid a dangerous situation. The vehicle came to a rest in the 2800 block of S.
State Rd 7. Prior to the vehicle coming to a rest, the driver hopped over the center console and fled on
foot from the passenger side of the vehicle. Despite numerous commands, the defendant continued to flee
on foot. Deputies chased the defendant approximately one block where a Taser was used to detain and
arrest the suspect." After further investigation, the offender was charged with Flee and Elude, Resist
LEO, Grand Theft, Possession of Heroin, Resist Officer-Obstruction, and DWLS.

**LEAVING THE COUNTY WITHOUT PERMISSION - ARREST**
**Violation of Condition (3) of the Order of Probation,** by leaving his county of residence without first
procuring the consent of the probation officer, and as grounds for belief that the offender violated his
probation, Officer Y. Saint Louis states that on 02/24/15, the offender did leave Miami Dade County,
Florida, his county of residence, without the consent of the probation officer and did enter Broward
County, as evidenced by his arrest on 02/24/2015, by BSO.

6

Case 5:23-cv-00773-CBM-ADS     Document 1     Filed 04/28/23     Page 51 of 63     Page ID
#:51
Case 1:21-cv-22068-JAL   Document 13   Entered on FLSD Docket 09/08/2021   Page 9 of 14

*Name: George, Romance*          *Case: F13-26242, F14-13929*          *DC#: S25150*

**Circumstances**: On 10/07/2014, the offender did enter Broward County without permission from his probation officer. The offender was arrested by Pembroke Pines Police for multiple offenses.

<u>Newer Charges</u>:

**NEW ARREST**
**Violation of Condition (5) of the Order of Probation,** by failing to live and remain at liberty without violating any law by committing the criminal offense of BURG/ASLT/BATT-PBL on 01/21/2015, in Miami Dade County, Florida, and as grounds for belief that the offender violated his probation, Officer Saint Louis states that the offender was arrested on 04/02/2015, for the said offense by the Miami Dade Police Department as alleged by Miami Dade County Circuit Court case F15-6865.

**NEW ARREST**
**Violation of Condition (5) of the Order of Probation,** by failing to live and remain at liberty without violating any law by committing the criminal offense of ROBB/HOME INV/CARRIED WP on 01/21/2015, in Miami Dade County, Florida, and as grounds for belief that the offender violated his probation, Officer Saint Louis states that the offender was arrested on 04/02/2015, for the said offense by the Miami Dade Police Department as alleged by Miami Dade County Circuit Court case F15-6865.

**NEW ARREST**
**Violation of Condition (5) of the Order of Probation,** by failing to live and remain at liberty without violating any law by committing the criminal offense of ROBB/CARJCK/ARM-PBL on 01/21/2015, in Miami Dade County, Florida, and as grounds for belief that the offender violated his probation, Officer Saint Louis states that the offender was arrested on 04/02/2015, for the said offense by the Miami Dade Police Department as alleged by Miami Dade County Circuit Court case F15-6865.

**NEW ARREST**
**Violation of Condition (5) of the Order of Probation,** by failing to live and remain at liberty without violating any law by committing the criminal offense of FALSE IMPRISONMENT on 01/21/2015, in Miami Dade County, Florida, and as grounds for belief that the offender violated his probation, Officer Saint Louis states that the offender was arrested on 04/02/2015, for the said offense by the Miami Dade Police Department as alleged by Miami Dade County Circuit Court case F15-6865.

Circumstances: Pending

**<u>Additional Violation</u>**:

**NEW ARREST**
**Violation of Condition (5) of the Order of Probation,** by failing to live and remain at liberty without violating any law by committing the criminal offense of Murder/Premeditated/Attempt/FA on 09/09/2015/2015, in Miami Dade County, Florida, and as grounds for belief that the offender violated his probation, Officer Saint Louis states that the offender was arrested on 09/09/2015, for the said offense by the Miami Dade Police Department as alleged by Miami Dade County Circuit Court case F15-18907.

7

Name: George, Romance                Case: F13-26242, F14-13929          DC#: S25150

**Circumstances:** According to the arrest affidavit filed by Officer T. Harris of the Miami Dade Police Department, on 09/09/2015 at the location of 1321 NW 13th Street Miami, Florida, the offender was arrested for Murder/Premeditated/Attempt/FA/Deadly/Weapon/Aggravate/Battery. Officer Harris stated that "the victim, defendant, co-defendants are all cellmates at the Dade County jail. According to the video surveillance on scene, the victim walked into cell #6B3, at which time he was confronted by co-defendant Bufford who cornered the victim in between the bed bunks. The co-defendant Bufford then struck the victim in the face with a closed fist at which time the victim fell to the ground. A tussle then ensued at which time the defendant and co-defendants Ellis, Whitehead, and Johnson, joined in the fight punching and kicking the victim several times on various parts of his body. After several minutes, the fight came to a cease and moments later, co-defendant Anderson then began to attack the victim by punching and kicking the victim several times. The victim then managed to stumble his way to the front of the cell seeking for help. The victim sustained several bruises and abrasions to his face area and a stab wound to the abdomen area with an unknown type weapon, in which the victim had to undergo surgery at Jackson Memorial Hospital Trauma Center. The defendant and co-defendants were identified by Miami Dade Corrections Officer L. Gilley (ID # 6576) via video surveillance footage. The defendant was charged accordingly."

2) **OFFENDER STATEMENT:**
Not available at this time.

3) **HISTORY OF SUPERVISION:**
Current Community Supervision History

| Offense Date | Offense | Sentence Date | County | Case Number | Supervision Length |
|---|---|---|---|---|---|
| 10/27/2013 | GRAND THEFT,300 L/5,000 | 04/24/2014 | MIAMI-DADE | 1326242 | 001Y 00M 00D |
| 11/07/2013 | GIVE LEO FALSE NAME-MISD. | 04/24/2014 | MIAMI-DADE | 1326242 | 001Y 00M 00D |
| 06/14/2014 | ROBB. NO GUN/DDLY. WPN | 09/05/2014 | MIAMI-DADE | 1413929 | 001Y 00M 00D |

Prior Community Supervision History

| Offense Date | Offense | Sentence Date | County | Case Number | Supervision Length |
|---|---|---|---|---|---|
| 07/17/2008 | AGG ASSLT-W/WPN NO INTENT TO | 01/07/2009 | DESOTO | 0800598 | 003Y 00M 00D |

**PRIOR VIOLATION OF SUPERVISION:**

| Date of Violation | Type of Violation | Date of Disposition | Disposition of Violation |
|---|---|---|---|
| 09/03/2009 | VIOT-TECHNICAL VIOLATION | 07/08/2011 | REVOKED DUE TO TECHNICAL VIOLATION |
| 06/23/2014 | VIOA-NEW ARREST VIOLATION | 09/05/2014 | REINSTATED, MODIFIED |

Name: George, Romance        Case: F13-26242, F14-13929        DC#: S25150

**RESIDENCE:** __ STABLE  __ UNSTABLE  _X_ ABSCONDED

15600 NW 7 AVENUE
#621
MIAMI        ,FL  33169-6251

Resides with: HERNANDO (ALEX) BUITRAGO

**EMPLOYMENT:** UNEMPLOYED

**NO EMPLOYMENT HISTORY**

On 12/02/2014, the offender was instructed and referred to look for employment.

**RESTITUTION:**

| Case Number | Payee Name | Original Obligation | Current Balance | Last Payment Amount | Date |
|---|---|---|---|---|---|
| 1326242 | GAMBOA, STEVE | $525.00 | $525.00 | $.00 | |
| 1413929 | RIDGWAY, JAMES | $300.00 | $300.00 | $.00 | |

**COURT COSTS/FINES:**

| Case Number | Payee Name | Original Obligation | Current Balance | Last Payment Amount | Date |
|---|---|---|---|---|---|

**NO COURT COSTS/FINES ORDERED**

**OTHER:**

| Payee Name | Original Obligation | Current Balance | Last Payment Amount | Date |
|---|---|---|---|---|
| DC DRUG TESTING | $30.00 | $30.00 | $.00 | |
| DC DRUG TESTING | $30.00 | $30.00 | $.00 | |
| COST OF SUPERVISION | $.00 | $.00 | $.00 | |
| SURCHARGE | $35.40 | $35.40 | $.00 | |

**PUBLIC SERVICE WORK:**

Monthly minimum

| Hours Required | Hours Ordered | Hours Worked | Hours Remaining |
|---|---|---|---|

**NO PUBLIC SERVICE HOURS ORDERED**

9

*Name: George, Romance*          *Case: F13-26242, F14-13929*          *DC#: S25150*

## TREATMENT STATUS:

| Treatment Date | Program Description | Termination Date | Status | Termination Reason |
|----------------|---------------------|------------------|--------|--------------------|

**NO TREATMENT ORDERED**

## STATUS OF OTHER SPECIAL CONDITIONS:

| Case Number | Special Condition | Begin Date | Due Date | End Date | Status |
|-------------|-------------------|------------|----------|----------|--------|
| 1326242 | COUNTY JAIL TIME | 09/05/2014 | 04/23/2015 | 11/15/2014 | COMPLETED |
| 1326242 | COS WAIVED | 04/24/2014 | 04/23/2015 | | COMPLETED |
| 1326242 | RESTITUTION | 04/24/2014 | 04/23/2015 | | NOT COMPLETED |

## 4) RECOMMENDATION:

It is the recommendation of this officer that a warrant is signed and that the offender is brought before the court for a violation of probation hearing. On 11/19/2014, after his release from incarceration, Officer Saint Louis reinstructed the offender on his terms of supervision. The offender failed to abide by those terms by failing to report to probation, by failing to honor his monetary obligations, and by absconding from supervision. Furthermore, while the offender absconded from supervision, he committed several new offenses which include: Flee and Elude, Resist LEO, Grand Theft, Possession of Heroin, Resist Officer-Obstruction, and DWLS. The offender also committed several new offenses in Miami Dade County. Additionally, while incarcerated at the Miami County Jail, the offender committed the offense of Premeditated Murder/Attempt. The offender has displayed a nonchalant attitude towards probation and he is not willing to comply with the terms of his supervision. It is recommended that probation be revoked and that the offender is sentenced to no less than 364 days Miami Dade County Jail followed by two years Community Control with all previous conditions.

The foregoing is true and correct to the best of my knowledge and belief.

YONEL SAINT LOUIS, Officer

APPROVED: JUANITA S. LEWIS, Supervisor

10

8    Exhibits #1

Case: 16-12294    Date Filed: 08/01/2016    Page: 1 of 7

Exhibit - Rule 36 Proof

## No. 16-12294-D

In the
## United States Court of Appeals
## for the Eleventh Circuit

UNITED STATES OF AMERICA

*Plaintiff/appellee*

v.

ROMANCEE GEORGE

*Defendant/appellant*

On Appeal from the United States District Court
for the Southern District of Florida

**Motion to Relinquish Jurisdiction
to Correct an Omission in the Judgment**

Ricardo J. Bascuas
1311 Miller Drive
Coral Gables, Florida 33146
305-284-2672
rbascuas@law.miami.edu

Counsel for Appellant

Case: 16-12294   Date Filed: 08/01/2016   Page: 2 of 7

## CERTIFICATE OF INTERESTED PERSONS
## AND CORPORATE DISCLOSURE STATEMENT

### United States v. Romancee George
### Case No. 16-12294-D

As required by Eleventh Circuit Rule 26.1, I certify, as counsel to Appellant

Romancee George, that these parties and entities have an interest in this appeal:

Bascuas, Ricardo J., Counsel for Appellant

Buitrago, Hernando

Ferrer, Aimee, Co-defendant's counsel

Ferrer, Wifredo, United States Attorney

George, Romancee, Appellant

Hubbert, Ronald, Co-defendant

Langley, Matthew, Assistant United States Attorney

Lenard, Joan, United States District Judge

Otazo-Reyes, The Hon. Alicia

Piñera-Vazquez, Silvia, Appellant's Prior Counsel

Progressive Corporation (PGR)

Simonton, The Hon. Andrea

Smachetti, Emily, Assistant United States Attorney

Sombuntham, Nalina, Assistant United States Attorney

90.

Case: 16-12294    Date Filed: 08/01/2016    Page: 3 of 7

## Motion to Relinquish Jurisdiction
## to Correct an Omission in the Judgment

1.      Appellant Romancee George has, through the attorney representing him

in a related prosecution in Florida Circuit Court, reached a resolution that would

entail dismissal of this appeal with prejudice. Accordingly, Mr. George moved to stay

or continue the briefing schedule on July 18, 2016, and this Court granted the motion

on July 29, 2016.

2.      Mr. George was initially arrested by state authorities after he committed

the carjacking offense to which he pled guilty in this case. Although the related

Florida case was pending during this prosecution, the record does not indicate that the

parties ever discussed in the district court whether the sentence in this case should run

concurrently or consecutively with the Florida state court sentence. (Undersigned

counsel was appointed for the appeal.)

3.      On July 20, 2016, Mr. George moved in the district court without

opposition and pursuant to Federal Rule of Criminal Procedure 36, to clarify that the

judgment in this case should run concurrent with the judgment in Mr. George's

Florida case. The original judgment omitted stating that it would run concurrently,

although the two cases arise from the same facts.

2

Case: 16-12294    Date Filed: 08/01/2016    Page: 4 of 7

4.    The district court denied the Rule 36 motion on July 25, 2016, in a paperless order. The docket entry states: "Pursuant to the Federal Rules of Appellate Procedure, the Court no longer has jurisdiction of this matter. Judgment in this case is final." DE85.

5.    Correction of the omission in the judgment in this case would help ensure that this appeal and the Florida case can be resolved together in the way that all concerned parties agree and intend. The sentencing in Florida Circuit Court is scheduled for August 25, 2016.

·    WHEREFORE Mr. George requests that this Court relinquish jurisdiction and remand the case to the district court so that it can entertain the Rule 36 motion on the merits, without prejudice to Mr. George's right to appeal the judgment should the motion be denied and the resolution of the state and federal prosecutions be unable to be effected.

## Memorandum of Law

Federal Rule of Criminal Procedure 36 allows a district court to correct clerical or other non-substantive errors or omissions in a judgment. *See United States v. Portillo*, 363 F.3d 1161, 1164–65 (CA11 2004). In this case, the omission is that the court did not specify whether the federal sentence should run consecutive to or concurrent with any judgment in the state court case based on the same conduct.

3

Case 5:23-cv-00773-CBM-ADS   Document 1   Filed 04/28/23   Page 59 of 63   Page ID
Case 1:21-cv-22068-JAL   Document 1   Entered on FLSD Docket 06/03/2021   Page 28 of 39
#:59

12

Case: 16-12294   Date Filed: 08/01/2016   Page: 5 of 7

The relief requested herein will not alter the sentence in any substantive way; it will only specify how the sentence is to be effected. The sentence in this case can run either consecutive to or concurrent with the Florida state court sentence arising from the same facts. There are no other options. *Setser v. United States*, 132 S.Ct. 1463, 1468 (2012) ("[I]t must be one or the other ... ."). The United States agreed that the sentence in this case should be concurrent with the sentence in the Florida state case.

I made an Oral agreement with Goverment!

From the record, it seems the court and the parties neglected to raise the issue of how the federal and state sentences should run. Given that state and federal sentences arising from the same acts typically run concurrently, making that explicit in the judgment in this case under the circumstances is not a substantive alteration. Had the issue been raised, the guidelines would have called for a concurrent sentence. *See* U.S.S.G. § 5G1.3(c) (specifying a concurrent term of imprisonment for an anticipated state court sentence arising from overlapping relevant conduct).

Granting this motion will also help ensure that any constitutional question is avoided. While under present law separate sovereigns can impose separate sentences for the same offense, the practice "is much criticized." *United States v. Romans*, 823 F.3d 299, 326 n.4 (CA5 2016). Two justices of the Supreme Court expressed qualms about it just a few weeks ago. *See Puerto Rico v. Sanchez Valle*, 136 S.Ct. 1863, 1877

4

Case 5:23-cv-00773-CBM-ADS    Document 1    Filed 04/28/23    Page 60 of 63    Page ID
Case 1:21-cv-22068-JAL   Document 1   Entered on FLSD Docket 06/03/2021   Page 29 of 39
#:60

Case: 16-12294    Date Filed: 08/01/2016    Page: 6 of 7

(2016) ("The double jeopardy proscription is intended to shield individuals from the harassment of multiple prosecutions for the same misconduct. Current 'separate sovereigns' doctrine hardly serves that objective.") (Ginsburg, J., joined by Thomas, J., concurring) (citation omitted).

Respectfully submitted,

Ricardo J. Bascuas

5

Case 5:23-cv-00773-CBM-ADS    Document 1    Filed 04/28/23    Page 61 of 63    Page ID
Case 1:21-cv-22068-JAL    Document 1    Entered on FLSD Docket 06/03/2021    Page 30 of 39
#:61

Case: 16-12294      Date Filed: 08/01/2016      Page: 7 of 7

## Certificate of Service

I certify that on August 1, 2016, this motion was filed with the Clerk of the

Court using CM/ECF and served electronically upon Assistant United States Attorney

Matthew Langley, Chief of the Appellate Division, United States Attorney's Office

for the Southern District of Florida, through that system.

Ricardo J. Bascuas

6





George E. B

Federal Building & Sr

3470 Twelfth Sr

Riverside, CA 9 2

Romancee George # 08537-104

USP-Victorville

P.O. Box 3900

Adelanto, CA 92301

LEGAL MAIL

